240 P.2d 1196

**ROLLMAN v. MORGAN.**

No. 5360.

Supreme Court of Arizona.

Feb. 25, 1952.

Rehearing Denied March 26, 1952.

Jennings, Strouss, Salmon & Trask, of Phoenix, for appellant.

Moore & Romley and Charles L. Hardy, all of Phoenix, for appellee.

DE CONCINI, Justice.

Charles W. Rollman, appellant (hereinafter referred to as plaintiff), brought suit against Elmer S. Morgan, appellee (defendant below), for personal injuries resulting from an automobile collision. The case was tried before a jury. The verdict

was for the defendant. Plaintiff appeals to this court from the judgment and from the denial of a motion for a new trial.

The accident occurred at the intersection of Fourth and Pierce streets in Phoenix. Neither of the streets were "stop" boulevards. It would serve no useful purpose to delineate the evidence as to how the accident occurred because the sufficiency of the evidence is not challenged.

As a result of the collision, plaintiff's car was damaged and he was severely injured.

. Defendant's answer in the trial court denied negligence and alleged that any injury suffered by plaintiff was a result of the latter's sole negligence or contributory negligence.

The jury was properly instructed on such issues. However, certain other instructions were given by the court, over objection by plaintiff, and form the basis of this appeal.

Appellant makes four assignments of error. The first assignment is:

"The trial court erred in giving Defendant's Requested Instruction No. 10, submitting the doctrine of 'last clear chance' for the reasons that

"a. Such instruction is not properly applicable as a matter of law as a defendant's instruction.

"b. Such instruction was not justified in the instant case because it was not supported by the evidence."

The last clear chance doctrine is recognized in this jurisdiction. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169; Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240; Citizens Utilities Co. v. Firemen's Insurance Co., 73 Ariz. 299, 240 P.2d 869.

The question as to whether the doctrine is available only to plaintiffs has not, however, been directly passed upon by this court.

In Casey v. Marshall, supra [64 Ariz. 232, 168 P.2d 243.], we said: "* * * The rule regarding the doctrine is clearly stated in Grand Trunk R. Co. of Canada v. Ives, 144 U.S. 408, 12 S.Ct. 679, 687, 36 L.Ed. 485, 493, as follows: '* * * Without going into a discussion of these definitions, or even attempting to collate them, it will be sufficient for present purposes to say that *the generally accepted and most reasonable rule of law applicable to actions in which the defense is contributory negligence may be thus stated:* Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured; subject to this qualification, which has grown up in recent years (having been first enunciated in Davies v. Mann, 10 Mees. & W. 546), that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the

exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. (Citing cases).'" (Emphasis Supplied)

The emphasized portions above would by inference indicate that this court, at the time of the Casey case, bound us to the rule that the last clear chance doctrine is only allowable to a plaintiff where the contributory negligence of the plaintiff is pleaded as defense. If the facts support an instruction on last clear chance, it is then proper as a type of plaintiff's defense to a charge of contributory negligence which has been leveled against him.

■ The Casey case, supra, also cited with approval the Restatement of the Law, Torts, § 479, Contributory Negligence, which treats the doctrine as applicable only for the benefit of a plaintiff who is met with a defense of contributory negligence.

The majority of states also follow this same construction of the application of the doctrine. 65 C.J.S., Negligence, § 137b, page 762. For an excellent analysis of minority rule see the leading case of Island Express v. Frederick, 5 W.W.Harr. 569, 35 Del. 569, 171 A. 181, 185.

We adopt the majority rule. To invoke the doctrine on defendant's behalf would only tend to confuse the jury. Such a use of the rule would simply be another method of charging the plaintiff with contributory negligence. We concur with a statement made by the Supreme Court of South Dakota in Wolff v. Stenger, 59 S.D. 231, 239 N.W. 181, 184: "* * * Contributory negligence on the part of the plaintiff seeking recovery being essential to the application of the doctrine of 'last clear chance,' the doctrine is not in any proper sense susceptible of being invoked by the defendant from whom recovery is sought against the plaintiff because, before that stage can be reached, plaintiff's recovery is barred by his own contributory negligence."

■ The trial court therefore erred as a matter of law when it instructed the jury that, if the plaintiff had the last clear chance to avoid the accident, they should find for the defendant.

In view of the above it becomes unnecessary to pass upon part (b) of this assignment, or the other three errors assigned.

This case is distinguishable from Citizens Utilities case, supra. Contributory negligence was pleaded as a defense in this case and a defendant's verdict returned by the jury, just as in the Utilities case. However, the same rule of law is not applicable to both situations. In the Utilities case the last clear chance doctrine was *not* invoked at the trial and furthermore the court properly instructed the jury as to the law, whereas in the instant case the opposite is true. In Casey v. Marshall, supra [64 Ariz. 232, 168 P.2d 242.], we said: "It is well settled that on appeal the court must assume that the jury, as the

trier of the facts, accepted the view of the evidence most favorable to the winning party. This rule, however, does not apply in determining whether instructions should or should not have been given. * * *"

Reversed and remanded for a new trial.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.