307 P.2d 227

Dwight W. DURRINGTON and Viola Durrington, husband and wife, Plaintiffs-Respondents,

v.

William B. CROOKER, Defendant-Appellant.

No. 8452.

Supreme Court of Idaho.

Feb. 8, 1957.

Elam & Burke, Boise, Gigray & Boyd, Caldwell, for respondent.

Robert B. Dunlap, Caldwell, for appellant.

TAYLOR, Justice.

Highway 20, in the vicinity where the collision occurred near Caldwell, runs in an east-west direction. On November 25, 1954, at 11:00 or 11:15 a. m., the plaintiffs (respondents), husband and wife, were travelling west on Highway 20. The weather was generally foggy "in the valley", but on the higher ground in the area where the collision occurred the fog had lifted or was not so dense and visibility was fairly good. Defendant (appellant) was travelling north on a county road intersecting Highway 20, not at a right angle, but at an angle bearing a little to the west of north. At this intersection and for a distance east and west therefrom Highway 20 has four lanes, two for eastbound traffic and two for westbound traffic, separated by an intervening strip approximately 19 feet wide. The double lanes on either side are approximately 25 feet wide, with 10 foot shoulders on the outsides. Defendant stopped at the stop sign on the south side of the highway and then proceeded across. When he was approximately in the middle of the fourth lane, the one on the extreme north, he was struck by plaintiffs' car.

Defendant testified that when he stopped at the stop sign he looked along the highway in both directions and saw no approaching vehicle; that as he crossed, he was going 10 or 15 miles an hour; that he saw no car while he was crossing and did not see the car that struck him.

The applicable speed limit was 50 miles per mile.

Plaintiffs testified they were travelling at approximately 40 to 45 miles per hour; that when they were about 300 feet from the intersection they observed defendant's car as it was leaving the stop sign to cross the highway. It was plainly visible and they had an unobstructed view of it from then until the collision. It appeared to them that defendant would turn left after crossing the dividing strip and proceed west in the lane next to and south of the lane they were in, and would travel therein parallel to plaintiffs' course; that as soon as it became apparent that defendant was going to continue on to the north, Mr. Durrington applied his brakes and started to turn to the right, but was unable to turn aside or stop in time to avoid the collision; that if he had tried to avoid defendant by turning to the left he would have hit defendant's car broadside. The first points

of contact were the left front fender of plaintiffs' car, and the right front fender, or just behind the right front wheel, of defendant's car.

Plaintiffs commenced this action for personal injuries to Mrs. Durrington, and for damages to their automobile, alleging negligence of the defendant in failing to observe their car in time to avoid the collision, and in failing to yield the right of way.

Defendant, denying negligence on his part, cross-complained, charging negligence of the plaintiffs in driving at an excessive speed and in failing to turn aside or slow down in time to avoid the collision. In his cross-complaint defendant sought damages to his car and for personal injuries.

Upon trial at the close of plaintiffs' evidence, defendant moved for a nonsuit. The motion was also renewed at the close of all the evidence, and was denied. Judgment was entered upon the verdict of the jury in favor of the plaintiffs. Thereafter defendant made a motion for a new trial, which was denied. In both the motion for nonsuit and the motion for a new trial, defendant urged that the evidence conclusively showed contributory negligence on the part of plaintiffs and that they had a last clear chance to avoid the collision. The motion for a new trial was denied and this appeal was taken from the judgment and from the order denying new trial. Appellant makes two assignments of error as follows:

"1. The Court erred in denying Appellant's motion for non-suit, said ruling being an abuse of discretion, because Respondents' own testimony clearly and conclusively shows that they had the last clear chance of avoiding the accident and failed to make any effort to do so.

"2. The Court erred in denying Appellant's motion for a new trial for the same reasons as set forth herein above in Specifications of Error Number 1."

■ Assuming that the doctrine of last clear chance was available to defendant, see annotation, 32 A.L.R.2d 543, and that it was applicable to the facts in this case, the court, in the application of that doctrine, could not take the case from the jury unless the proof was so conclusive that all reasonable minds would agree that the plaintiffs became aware, or should have become aware, of defendant's position of peril in time to have avoided injuring him, by the exercise of ordinary care. If the proof leaves the issue of last clear chance in doubt, or if reasonable minds might from the evidence reach different conclusions thereon, then the issue of last clear chance must be submitted to the jury. Elliott v. Lee, 71

Idaho 242, 229 P.2d 1000. The trial court in instruction No. 13 fully instructed the jury on the doctrine, in defendant's behalf. Defendant finds no fault with that instruction.

There were tire marks, on the surface of the highway, left by plaintiffs' automobile, showing that Durrington had applied his brakes 60 to 62 feet before the impact. At 40 to 45 miles per hour, he would have traversed the other 240 feet from the point where he first observed defendant in 3.6 to 4 seconds. Appellant, admitting his own negligence in entering the intersection under the circumstances, contends that Durrington, observing his approach, should have applied his brakes sooner then he did. Section 49–536.3, I.C., in part provides:

"(a) The driver of a vehicle shall stop as required by section 49–552.5 at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway."

This statute was given in the instructions. By his admission of negligence in entering the intersection when plaintiffs' car was within 300 feet of it, defendant acknowledges that plaintiffs were approaching so closely as to constitute an immediate hazard. In view of such facts and the applicable law the jury could conclude that plaintiffs had the right to expect defendant to yield the right of way by either slowing down, stopping, or turning before reaching their lane. It was a jury question as to whether or not Durrington should have anticipated defendant's course and applied the brakes sooner than he did. The same is true of appellant's contention that Durrington could have turned either to the left or the right and thus avoided the accident. Branson v. Northern Pacific Ry. Co., 55 Idaho 220, 41 P.2d 629; Burkland v. Oregon Short Line R. Co., 56 Idaho 703, 58 P.2d 773.

The judgment and order are affirmed. Costs to respondents.

KEETON, C. J., and PORTER, SMITH and McQUADE, JJ., concur.