356 P.2d 223

Clayton S. HALE, Plaintiff-Respondent,

v.

Vance GUNTER, Defendant-Appellant.

No. 8847.

Supreme Court of Idaho.

Oct. 25, 1960.

McDevitt & McDevitt, Pocatello, for appellant.

Mark B. Clark, Pocatello, for respondent.

TAYLOR, Chief Justice.

August 9, 1958, plaintiff (respondent) was proceeding north in his automobile along U. S. Highway 30 N, 191, 91, about one-half mile north of McCammon, in Bannock county. The car was being driven by plaintiff's wife. At the same time defendant (appellant) was driving his pick-up truck north along the same highway a short distance ahead of plaintiff. A collision occurred while Mrs. Hale was attempting to pass defendant's truck, and while defendant was attempting to make a left turn off the highway and into a private roadway or lane on the west side of the highway.

Plaintiff and his wife were substantially in accord in their testimony as to the details of the occurrence. They testified that

they were traveling at 45 to 50 miles per hour; that defendant was proceeding at about the same speed; defendant appeared to slow down; Mrs. Hale turned to the left to pass, "peeped" her horn as she approached defendant's vehicle; about the time the front end of their car was even with the rear end of defendant's truck, they observed the red tail light on the truck light up, defendant's arm thrust out from the left side of the pickup, and the pickup commenced turning to the left; Mrs. Hale slammed on her brakes and "set" on, or "blasted", the horn; on seeing defendant's truck continue its course to the left, and that she could not avoid it by continuing in that direction, she made an attempt to turn to the right just before the impact; defendant's truck was driven forward across the approach to the Goodenough lane and into the borrow pit on the north side thereof; and that the right front of the Hale car struck the left rear end of the truck.

Defendant testified that he had been traveling at about 40 miles per hour; he slowed down to about 20 miles an hour to make the turn into the Goodenough lane; he started his turn about 50 feet south of the lane; he first observed plaintiff's car, through the rearview mirror attached to the left door of his truck, when it was 300 feet to the rear; he also turned and looked back over his right shoulder through his rear window; concluding that "there was adequate room to make the turn," he applied his brakes and extended his arm out the left side of the vehicle and commenced turning to the left; and that he did not hear plaintiff's horn—the first sound he heard was the screaming from the brakes of plaintiff's car. Asked if he saw plaintiff's car when he started making the turn, he replied that he "couldn't see it" and "well, I can't recall that I saw him at that time." In response to the question,

"And how far south of the Goodenough lane did you hold out your arm?" he replied:

"Well, as Mr. Hale asked me when I got out of the car, he asked me, 'Why didn't you stick out your arm?' 'Well,' I said, 'I did, at least two hundred feet, and waved it up and down.' 'No,' he says."

The pickup was not equipped with directional signal lights. The tail lights lighted up when the brakes were applied.

The highway patrolman, who arrived at the scene of the accident about 20 minutes after its occurrence, made measurements of the location of the cars and the skid marks upon the highway. He testified that there was no evidence of excessive speed by either driver; plaintiff's automobile left skid marks commencing at a point on the west lane of the surfaced highway near the center line and extending diagonally along the pavement toward the west side a dis-

tance of 66 feet to the point of impact, and an additional 38 feet 6 inches along the edge of the pavement and along the west shoulder to where the car stopped; that the gateway entrance to the Goodenough lane was 16 feet wide and the approach fanned out from the entrance to the paved portion of the highway; that the point of impact was 50 feet south of the south gatepost; that the normal reaction time of a driver between the awareness of danger ahead and the application of brakes, as measured in distance traveled by the car, is 10 feet for every 10 miles per hour of speed at which the vehicle is moving; and that at 50 miles per hour a driver with normal reaction would apply the brakes 50 feet after becoming aware of danger ahead.

The plaintiff brought this action to recover damages to his automobile resulting from the collision, alleging negligence of the defendant as the proximate cause of the damage. Defendant denied negligence on his part and alleged negligence of the plaintiff as the proximate cause.

The cause was tried to the court sitting without a jury. The court found that Mrs. Hale was operating the Hale automobile in a careful and prudent manner and within the posted speed limit at the time she turned out to pass defendant's vehicle.

"2. That the defendant was negligent in failing to ascertain with certainty that there was no traffic approaching from the rear and to his left in the act of passing when he, the defendant, put on his brakes and extended his arm for the purpose of slowing and signalling a left turn and turning to the left to cross the southbound lane of traffic from the heavily traveled U. S. Highway 30 N, 91, 191 to enter a private lane or driveway;

"3. That the defendant was negligent in turning his head to the right to look over his shoulder to the rear while in the act of slowing and signalling for a left turn when the only traffic that would be in position to interfere with or hinder said left turn would be approaching the defendant immediately to his rear or to his left in the act of passing, and the defendant's turning to look to his rear over his right shoulder was the act of negligence which prevented the defendant from observing the close proximity of the plaintiff's automobile in the act of passing the defendant in the southbound lane of traffic which was at said time free and clear from all oncoming traffic from the north; that the acts of negligence set out in 2 and 3 above were the proximate cause of plaintiff's damage;"

The court found the amount of damages sustained by plaintiff and gave judgment therefor against the defendant. Defendant appealed.

Defendant assigns as error the finding of the trial court that the plaintiff was without negligence. In support of this assignment defendant urges that plaintiff's driver observed or should have observed defendant's signals in time to avoid the accident; that by having her car under sufficient control, and taking other usual and proper action she could have avoided the collision. He urges that the physical facts show that plaintiff's car could not have been in the position relative to defendant's car, which both Hales testified it was in, when defendant started to make his left turn; that the facts show plaintiff must have observed defendant's signals while at least 138 feet from the point of impact, as evidenced by the skid marks and reaction time testified to; and that the plaintiff had the last clear chance to avoid the collision.

■ The fact that the car was moving faster than the pickup, when considered with the fact that the contact of the two vehicles was made by the front end of the car with the rear end of the pickup, indicates that the car must have been a short distance south of the pickup, not even with the rear end of it, when Mrs. Hale observed defendant's signals and turning. However, assuming the Hales were mistaken on this point and that the plaintiff's car was actually 138 feet south of the point of impact, at the time Mrs. Hale first observed defendant's signals, it is evident that at 50 miles an hour there was insufficient time

for her to do more than she did to avoid the collision. Actually, allowing 50 feet for reaction time and adding the 66 feet of skid marks before the impact, plaintiff's car was 116 feet south of the point of collision at the time she first became aware of defendant's turning. The pickup at that moment was also some short distance south of the point of impact. At 50 miles per hour, Mrs. Hale had approximately 1.59 seconds in which to avoid the collision. Obviously she could not have avoided the collision by turning to the left, and time did not permit her to slow down sufficiently to avoid the pickup by turning to the right. The doctrine of the last clear chance has no application in such an emergency. Pilmer v. Boise Traction Co., Ltd., 14 Idaho 327, 94 P. 432, 15 L.R.A.,N.S., 254; McIntire v. Oregon Short Line R. Co., 56 Idaho 392, 55 P.2d 148; Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P.2d 1178; Graham v. Milsap, 77 Idaho 179, 290 P.2d 744; Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287.

■ There is ample, substantial and competent evidence supporting the court's finding that defendant was negligent and that his negligence was the proximate cause of the injury. I.C. § 49–724 in part provides:

"(a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section 49–721, or turn a

vehicle to enter a private road or driveway or otherwise turn a vehicle from the direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

"(b) A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning."

Assuming that the defendant gave the required signal "continuously during not less than the last 100 feet travelled by the vehicle before turning", as to which the evidence is not clear, and that looking over his right shoulder before turning was not an act of negligence, as he contends, the evidence conclusively points to the fact that he turned to the left, crossed the center line of the highway and attempted to cross the west lane thereof at a time when such movement could not be made with reasonable safety. He made the left turn when the driver of plaintiff's automobile was lawfully attempting to pass, without making further observation to see if the west lane was free of oncoming traffic. When defendant first observed plaintiff's car 300 feet to the rear and concluded that he had adequate room to make the turn, he was mistaken either as to the distance of the car to the rear, or the speed at which it was traveling. In either event, his failure to make further and more accurate observation was negligence in view of the duty imposed upon him by the foregoing statute. Howard v. Missman, 81 Idaho 82, 337 P.2d 592.

Defendant also assigns as error the action of the court "in substantially taking over the direction of the trial, to the exclusion of both attorneys, and even to the extent of confusing the officer, and the other witnesses." The record shows the court did unduly interpose in the examination of the witnesses by both counsel. However, the case was tried without a jury, and no prejudice to either party appearing, we do not consider the error reversible.

Judgment affirmed.

Costs to respondent.

SMITH, KNUDSON, McQUADE and McFADDEN, JJ., concur.