372 P.2d 80

Harry F. ALLEN and Margaret Allen, Husband and Wife, Plaintiffs, Cross-Defendants, Respondents,

v.

IDAHO POWER COMPANY, A Maine Corporation, Defendant, Cross-Complainant,

and

Domingo Arego, Defendant, Appellants.

No. 8973.

Supreme Court of Idaho.

March 15, 1962.

As Modified on Denial of Rehearing

June 6, 1962.

James E. Bruce, Boise, Harold L. Ryan, Weiser, for appellants.

Donart & Donart, Weiser, Charles R. Donaldson, Boise, Norris & Welch, Payette, for respondents.

pellant Idaho Power Company, was driving the company's 1944 Mack 12-ton motor truck in the opposite direction on such portion of the highway, along the curve, when the two vehicles collided. Personal injuries which both respondents thereby suffered, together with damage to their car, precipitated this litigation.

Respondents in their complaint allege that appellant Arego, at the time and place of the collision, was driving the truck on his left-hand side of the highway, in respondents' lane of travel, and that Arego failed to turn the truck into his own right-hand lane in order to avoid the collision.

Appellants, by answer, alleged that the collision was caused by respondents in driving their vehicle on their left-hand side of the highway along the curve; that they were speeding and failed to observe the truck then being driven in its proper traffic lane.

The cause was tried without a jury. In its findings of fact the trial court set out that it was unable to determine on which side of the center of the highway the collision occurred; that appellant Arego had the last clear chance to avoid the collision, when he first observed respondents' approaching vehicle, by either stopping the truck, or turning it onto a side road which intersected the highway at the point of collision.

SMITH, Chief Justice.

This is an appeal from a judgment awarding personal injury and property damages to respondents growing out of a motor vehicle collision.

The collision occurred on a curved portion of a twenty-foot wide, oil surfaced highway, constructed around a hill so as to by-pass Payette. Respondents on their way to Weiser were driving their 1958 Ford station wagon along this curve. At that time appellant Arego, an employee of ap-

The court then concluded that respondents' injuries were caused by the negligence of Arego, "who had the last clear chance to have avoided the collision," and thereupon entered judgment in favor of respondents, which resulted in the appeal.

Appellants by appropriate assignments present the issue whether the trial court erred in finding that appellant Arego had the last clear chance to avoid the accident, and in concluding that his negligence, in failing to exercise the last clear chance, constituted the proximate cause of respondents' injuries and damages. Appellants, by further assignments, contend that the evidence fails to support the finding that Arego had sufficient opportunity to have avoided the accident.

Respondents' evidence shows that respondents, traveling at the approximate rate of 35 miles per hour, saw appellants' truck about 120 feet ahead, traveling toward respondents in their traffic lane; that respondent Mr. Allen, driver of the station wagon, applied his brakes and that then the Allen car skidded, leaving skid marks for about 50 feet.

' Appellant Arego testified that he was driving the Mack truck at about 20 or 25 miles per hour on his right-hand side of the curve, approaching the vicinity of Hughes Drive, which is a side road leading onto the highway, near the crest of the curve; that he saw respondents' car approaching on his, Arego's, side of the highway; that when he saw the approaching car he tried to turn the truck to the right but managed only to get the wheels turned straight from their previous left turning position (traveling around the curve), when the collision occurred.

The trial court found that respondents were traveling at a speed not exceeding 35 miles per hour, and Arego approximately 20 miles per hour; but found nothing as regards the distance within which the parties observed each other; nor where on the highway the vehicles collided; but found that Arego was guilty of negligence in not availing himself of the last clear chance to avoid the accident.

The necessary requirements of a finding of negligence if it is to be based on the doctrine of last clear chance are discussed in Pilmer v. Boise Traction Co., 14 Idaho 327, 94 P. 432, 15 L.R.A.,N.S., 254, wherein this Court adopted the reasoning and the definition of the doctrine of last clear chance as enunciated in Grand Trunk R. Co. of Canada v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485, cited and quoted in Pilmer v. Boise Traction Co., 14 Idaho at p. 344, 94 P. at p. 437:

"Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained, if the proximate and immedi-

ate cause of the injury can be traced to the want of ordinary care and caution in the person injured, subject to this qualification * * * that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence."

This court approved the rule, as so enunciated, in Anderson v. Great Northern Ry. Co., 15 Idaho 513, 99 P. 91; and followed it in Denbeigh v. Oregon-Washington R. & Navigation Co., 23 Idaho 663, 676, 132 P. 112, 116; Short v. Boise Valley Traction Co., 38 Idaho 593, 225 P. 398; and Graham v. Milsap, 77 Idaho 179, 290 P.2d 744. In McIntire v. Oregon Short Line R. R. Co., 56 Idaho 392, 396–397, 55 P.2d 148, 149–150, this Court, after stating the rule, set out the initial requirements for application of the doctrine, as follows:

· "This court has thus stated the doctrine of last clear chance: 'If the one party (here appellant) knows of the peril of the other, (respondent) although brought about by that other's (respondent) negligence, in time to avoid injuring him, he is at once put to a degree of care commensurate with the present situation of the parties.' (Citation).

"Analyzing the statement gives this initial requirement for application of the doctrine: That appellant must have perceived respondent's peril at a time when respondent could not have saved himself and in time for appellant to have avoided the accident."

■ Inasmuch as the trial court failed to find at what place on the highway the collision occurred, or which vehicle then and there was being driven on the driver's left or wrong side of the road, respondents have failed to sustain the burden of proof incumbent upon them to establish Arego's negligence. It thus becomes clear that the requisite of the last clear chance doctrine, that respondents were not in a position to save themselves from any impending peril in time to avoid the accident, cannot be so determined and found. This is true inasmuch as the trial court admittedly refused to, or could not, find the respective locations on the highway of the two vehicles immediately prior to the accident. In failing so to find there was nothing upon which to base the inference of fact that respondents were not able to extricate themselves from any impending peril, particularly as resulting from any causative act on Arego's part. The absence of such important element renders impossible the application of the doctrine of last clear chance; this is true inasmuch as the trial court was convinced that the record would not sustain

such a finding, from which it follows as a matter of law that respondents failed to sustain their burden of proof in that regard.

In Lallatin v. Terry, 81 Idaho 238, 250, 340 P.2d 112, 120, it is stated:

"* * * Juries should not be asked or allowed to speculate upon possibilities of avoiding an injury under the circumstances which would be beyond human experience, and on the side of the miraculous. Courts sometimes overlook the fact that the doctrine [of last clear chance] not only requires that the chance must be the 'last' chance, but it must also be a 'clear' chance."

In Graham v. Milsap, 77 Idaho 179, 186, 290 P.2d 744, 748, this Court held it to be reversible error to instruct on the doctrine of last clear chance where there was no *substantial* evidence to support the doctrine. See also Laidlaw v. Barker, 78 Idaho 67, 74, 297 P.2d 287, 291; Ralph v. Union Pacific Railroad Company, 82 Idaho 240, 351 P.2d 464; Hale v. Gunter, 82 Idaho 534, 356 P.2d 223.

Appellants' assignments of error in the premises are meritorious. Accordingly we are constrained to the view that the trial court, particularly in the light of its failure or inability to find at what place on the highway the collision occurred, as respects the two vehicles, erroneously applied the doctrine of last clear chance, and that the conflicting evidence submitted herein is insufficient to support its application in the absence of the requisite findings by the trial court. While we have examined appellants' remaining assignments, ruling thereon becomes unnecessary in view of our disposition of this appeal.

The judgment is reversed and the cause is remanded for a new trial. Costs to appellants.

KNUDSON, McQUADE and McFADDEN, JJ., and YOUNG, D. J., concur.