397 P.2d 244

Lynn P. SCHWANDT, Plaintiff-Appellant,

v.

Dwain M. BATES, Defendant-Respondent.
No. 9318.

Supreme Court of Idaho.
Nov. 30, 1964.

Paul C. Keeton, Owen L. Knowlton, Lewiston, for appellant.

Brown, Peacock & Keane, Kellogg, Daniel A. Quinlan, Lewiston, for respondent.

SMITH, Justice.

Plaintiff (appellant) seeks to recover damages for personal injuries and destruction of his pickup truck resulting from a collision of his motor vehicle with the pickup truck of defendant (respondent).

The accident occurred May 27, 1961, at about 1:30 o'clock a. m., at the intersection of Fifth Street which extends north and south and Warner Avenue which extends east and west, in Lewiston Orchards, Idaho. Other than the parties there were no eye witnesses at the scene of the accident.

Plaintiff in his complaint alleges that defendant's negligence proximately caused the collision and resultant damages. He alleges that as he entered the intersection from the north, driving south on Fifth Street, defendant, driving from the east on Warner Avenue, failed to stop before entering the intersection, although Warner Avenue was posted by a stop sign; that defendant negligently entered the intersection and struck the left front end of plaintiff's pickup truck; that thereby plaintiff suffered damages because of personal injuries sustained neces-sitating medication and hospitalization, and destruction of his pickup.

Defendant by his answer denied the allegations of negligence and damage, and affirmatively alleged plaintiff's contributory negligence.

The cause was tried to a jury which returned a verdict in favor of defendant. Plaintiff appealed from the resultant judgment.

Plaintiff assigns error committed by the trial court in giving certain jury instructions relating to the last clear chance doctrine. Plaintiff asserts that the evidence adduced at the trial was insufficient to support the giving of an instruction relating to the doctrine.

█ In order to justify the giving of an instruction on the last clear chance doctrine there must be substantial evidence to support the giving of such an instruction. Allen v. Idaho Power Company, 84 Idaho 309, 372 P.2d 80 (1962); Hale v. Gunter, 82 Idaho 534, 356 P.2d 223 (1960); Ralph v. Union Pacific Railroad Company, 82 Idaho 240, 351 P.2d 464 (1960); Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287 (1956).

Plaintiff and defendant were the only witnesses to the accident. Both testified that the visibility was clear and the road dry. Each testified that he was operating his vehicle at a reasonable rate of speed at the scene of the collision. Plaintiff's version of events relating to the accident appears from

his testimony elicited on cross-examination as follows:

"Q. Now, Mr. Schwandt [plaintiff], you were driving south on 5th Street when this accident occurred. And I understood you to say that as you approached the intersection of Warner and 5th * * * Street, that the only thing that you recall was a flash of light and this collision. Is that correct? A. Yes.

"Q. You did not observe another car before you got to the intersection?

"A. Saw them two flashes and then a vehicle hit me.

"Q. And that is all that you recall? A. Yes."

Plaintiff testified on direct examination that the "flash" which struck his vehicle had come from the "east".

Defendant, on direct and cross-examination, gave his version of the events that transpired at the time of the accident. On direct examination:

"Q. What direction were you going on Warner Street immediately prior to a collision you had * * *?

"A. Immediately prior to the collision I had stopped at the stop sign on 5th and Warner and * * * was proceeding across the center to turn south on 5th Avenue.

* * * * * *

"Q. * * * You stopped at the stop sign and what did you do, if anything, with respect to observing traffic from either south or north?

"A. Well, I observed no traffic. I looked for traffic but * * * didn't see anything.

"Q. Did you see Mr. Schwandt's * vehicle?

"A. No.

"Q. Did you see any lights on the vehicle approaching? A. No.

* * * * * *

"Q. * * * you did not observe his car at all?

"A. I never knew that there was another car involved, until they were taking me out of the pickup and someone made a remark that there was another car. I had seen nothing.

"Q. You knew there was a collision? A. Yes."

On cross-examination:

"Q. * after the collision your car went 43 feet, 1 inch, according to the map, and Mr. Schwandt's vehicle went 65 feet and 4 inches, is that right?

"A. According to this map, yes.

"Q. * * * at the time of this accident his vehicle was going * * * south, * * *?

"A. I have no idea which direction his car was going. I never saw it.

* * * * * *

"Q. Did you ever apply your brakes ahead of time of this collision?

"A. You mean after I started up from the stop sign?

"Q. Yes.

"A. I do not know. I don't remember anything after I had started up from the stop sign.

\* \* \* \* \* \*

"Q. \* \* \* Did you ever tell the Police Officer \* \* \* at the scene of the accident \* that Mr. Schwandt was driving without lights?

"A. \* \* \* I don't know whether I did or not. I am hazy about that point.

"Q. Well, I will ask you if I served you with interrogatories \* \* \* and I will read interrogatory number 17. 'Do you claim that Mr. Schwandt was driving his pickup truck with the head lights off immediately prior to and at the time of the collision on May 27, 1961?' To that interrogatory you answered, 'Yes.' \* \* \*?"

\* \* \* \* \* \*

"A. Not that I recall."

In an effort to ascertain whether the last clear chance doctrine is applicable our search of the record reveals only the testimony of plaintiff to the effect that he "saw them two flashes and then a vehicle hit me"; and defendant's testimony as regards events which may have transpired at the scene of the accident, couched in language such as, "I never knew there was another car involved"; "I had seen nothing"; and "I don't remember anything after I started up from the stop sign." Plaintiff's testimony has no reference to any time element other than the "flashes" and then the "hit", indicative of only a very brief moment of time between the happening of those two events,—possibly, though lacking in proof, of longer duration. Plaintiff's testimony is negative in character entirely lacking in proof of a time factor for applicability of the last clear chance doctrine.

The doctrine not only requires that the chance be the "last" chance, but also it must be a "clear" chance. The instructions on the doctrine should not have been given since the evidence is insufficient to warrant giving them. There is an abundance of rulings by this Court to support the conclusion we have reached in the premises. In Cournyer v. Follett, 85 Idaho 119, 376 P.2d 707 (1962), the following appears:

"Plaintiffs contention that the trial court erred when it refused to instruct the jury on the doctrine of Last Clear Chance is without merit. In Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287, this court held:

" 'That doctrine implies thought, appreciation, mental direction and lapse of sufficient time effectually so to act as to save another from injury

to which he has negligently exposed himself. It is not applicable where the emergency is so sudden that there is no time to avert the accident.'

"Pursuant to the above rule the party seeking to rely on the doctrine of last clear chance, must show that the party charged with exercising the last clear chance had sufficient time to realize the danger, as well as an opportunity to have avoided the accident. See also Graham v. Milsap, 77 Idaho 179, 290 P.2d 744.

" * * * This Court has held that ' "the doctrine (of last clear chance) not only requires that the chance must be the 'last' chance, but it must also be a 'clear' chance." ' Allen v. Idaho Power Company, 84 Idaho 309, 372 P.2d 80; Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112.

"Before the jury may be instructed on the doctrine of last clear chance there must be substantial evidence to support the doctrine. Graham v. Milsap, 77 Idaho 179, 290 P.2d 744; Allen v. Idaho Power Company, supra."

Graham v. Milsap, supra, contains the following statements:

"We are of the opinion that under the pleadings now before us the cast clear chance doctrine could be an is-sue in the case if there were substantial evidence to support it. In this case there was no such evidence. McIntire v. Oregon Short Line R. Co., 56 Idaho 392, 55 P.2d 148; Ineas v. Union Pacific R. Co., 72 Idaho 390, 241 P.2d 1178. * * *

\* \* \* \* \* \*

"An instruction on the last clear chance doctrine should not have been presented to the jury, even though the complaint alleges negligence of the appellant [defendant], and the answer denies it and alleges the accident was caused by the negligence of the deceased, there being no evidence to support such doctrine. * * *

\* \* \* \* \* \*

" * * * The giving of the instruction on last clear chance was reversible error. [Citations]."

See also Allen v. Idaho Power Company, supra; Hale v. Gunter, supra; Ralph v. Union Pacific Railroad Company, supra; Laidlaw v. Barker, supra; Annot. 171 A.L.R. 365 (1947); Annot. 119 A.L.R. 1041 (1939); Annot. 92 A.L.R. 47 (1934); 38 Am.Jur., Negligence § 219, p. 905 (1941).

■ Plaintiff's assignments of error are meritorious. The trial court committed prejudicial error by instructing the jury on the last clear chance doctrine because there is no substantial evidence to support

the doctrine. Allen v. Idaho Power Company, supra.

The judgment is reversed and the cause remanded for a new trial. Costs to plaintiff-appellant.

McQUADE and TAYLOR, JJ., concur.

McFADDEN, Justice (concurring specially).

The majority opinion holds that prejudicial error was committed by the trial court in instructing the jury on the "Last Clear Chance Doctrine" for the reason there is no substantial evidence to support the giving of such instruction. With this conclusion I concur. I wish to point out however, that the last clear chance doctrine should be limited in its application to a plaintiff charged with contributory negligence and only in those cases, which disclose proper factual situations justifying its application.

In the early case of Pilmer v. Boise Traction Co., 14 Idaho 327, 344, 94 P. 432, 437, 15 L.R.A.,N.S., 254, this Court stated:

"The origin of the doctrine of the 'Last Clear Chance' is generally attributed to the case of Davies v. Mann, 10 Mees. & W. (Eng.) Rep. 546, in which the owner of a donkey, who negligently turned it out on the highway with its feet hobbled, was allowed, notwithstanding his own negligence, to recover from a person driving along the highway who carelessly ran into and killed it. It is stated in the note to the case of Bogan v. Carolina C. R. Co., 129 N.C. 154, 39 S.E. 808, 55 L.R.A. 418, that the doctrine of the donkey case and the ground of its decision have been accurately stated by a writer in the Quarterly Law Review [vol. 2] 507, as follows: 'The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it.'

"The Supreme Court of the United States in Grand Trunk R. Co. [of Canada] v. Ives, 144 U.S. 408, 12 S. Ct. 679, 36 L.Ed. 485, thus lays down the doctrine of contributory negligence as modified by that of the 'last clear chance':

" 'Although the defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained, if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured, subject to this qualification, which has grown up in recent years (having been first enunciated in Davies v. Mann, 10 Mees. & W. (Eng.),

546) that the contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence.'

"This court is in full accord with the doctrine of the 'last clear chance' as above defined. * * *"

Subsequent decisions of this Court have held that the plaintiff must be in a position of peril from which he can not save himself. Allen v. Idaho Power Co., 84 Idaho 309, 372 P.2d 80; McIntire v. Oregon Short Line R. R. Co., 56 Idaho 392, 55 P.2d 148; Short v. Boise Valley Traction Co., 38 Idaho 593, 225 P. 398; Neil v. Idaho & Washington N. R. R., 22 Idaho 74, 125 P. 331. The defendant must discover the plaintiff's peril in sufficient time to act so as to avoid the accident. Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287; Hale v. Gunter, 82 Idaho 534, 356 P.2d 223; Ralph v. Union Pacific Railroad Co., 82 Idaho 240, 351 P.2d 464; Graham v. Milsap, 77 Idaho 179, 290 P.2d 744; Ineas v. Union Pacific R. Co., 72 Idaho 390, 241 P.2d 1178; McIntire v. Oregon Short Line R. R. Co., supra; Short v. Boise Valley Traction Co., supra.

Throughout the application of the rule of last clear chance in this state, this court has continually required that there be a last chance to avoid the injury and that it also be a clear chance. In Laidlaw v. Barker, supra, this court stated:

"That doctrine implies thought, appreciation, mental direction and lapse of sufficient time effectually so to act as to save another from injury to which he has negligently exposed himself. It is not applicable where the emergency is so sudden that there is not time to avert the accident."

Short v. Boise Valley Traction Co., supra; McIntire v. Oregon Short Line R. R. Co., supra; Stearns v. Graves, 62 Idaho 312, 322, 323, 111 P.2d 882; Ineas v. Union Pacific R. Co., supra; Matheson v. Idaho Hardware & Plumbing Co., 75 Idaho 171, 179, 270 P.2d 841; Graham v. Milsap, supra, Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112; 38 Am.Jur., Negligence § 219, p. 905; 65 C.J.S. Negligence § 137e, p. 774.

In an annotation, 32 A.L.R.2d 543, at 549, dealing with the subject of whether the doctrine of last clear chance is available to a defendant, the following statement appears which I consider most appropriate and commensurate with the consideration given by this court in the early case of Pilmer v. Boise Traction Co., 14 Idaho 327, 94 P. 432, 15 L.R.A.,N.S., 254:

" \* \* \* the doctrine \* \* \* involves four elements, the existence of all of which are essential to its application: (1) plaintiff's inability to escape from, or obliviousness to, danger resulting from his own negligence, (2) defendant's awareness of the danger, (3) defendant's opportunity to avert the injury, and (4) defendant's failure to avert it. As the name of the doctrine indicates, the defendant's chance to avert the injury must be the 'last' chance and must also be a 'clear' chance. Consequently, such holdings are not to be taken as meaning that the defendant may not rely upon the fact that the plaintiff actually had opportunity to avoid the injury, as late as, or later than, that of the defendant, for where it appears that the plaintiff was able to escape the danger, or was not oblivious to it, or had as late a chance to avoid it as had the defendant, one of the essential elements of the doctrine is missing, precluding the plaintiff from relying upon it, since his negligence in failing to take advantage of his own ability to avert the injury remains the proximate cause thereof."

See also: Restatement Torts, Negligence § 479. Prosser on Torts 2d ed. § 52, p. 290; Annots. 92 A.L.R. 47; 119 A.L.R. 1041; 171 A.L.R. 365.

Possible confusion has arisen as to its application on behalf of a defendant by reason of language employed by this court in discussing the rule in abstract terms, as was done in Short v. Boise Valley Traction Co., supra, wherein the Court quoted from Locke v. Puget Sound International R. & Power Co., 100 Wash. 432, 171 P. 242, L.R.A.1918D, 1119:

"If the one party knows of the peril of the other, although brought about by that other's negligence, in time to avoid injuring him, he is at once put to a degree of care commensurate with the present situation of the parties."

Such statement was reiterated in the case of McIntire v. Oregon Short Line R. R. Co., 56 Idaho 392, 397, 55 P.2d 148.

In an annotation entitled "Availability of Last Clear Chance Doctrine to Defendant", appearing at 32 A.L.R.2d 543, the annotator has allied Idaho with the jurisdictions supposedly recognizing that the doctrine is available to a defendant. The annotator cites, at 32 A.L.R.2d 556, for this proposition the case of McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796, and states:

"The Idaho court apparently recognizes the right of a defendant to invoke the last clear chance doctrine, for in McKinley v. Wagner (1946) 67 Idaho 104, 170 P.2d 796, it re-

affirmed its prior holding that a person who has the last clear chance or opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered in law solely responsible for such accident. Furthermore, while rejecting the defendant's contention that the trial court had given an erroneous instruction on the doctrine because it did not make clear to the jury that any party, either plaintiff or defendant, who has the last clear chance or opportunity to avoid an accident, notwithstanding the negligence of his opponent, is considered solely responsible for it, on the grounds that the instruction closely followed and was in harmony with its previously announced rule and that the plaintiffs had a right to an instruction which instructed the jury on their theory of the case, based upon the evidence, as the challenged instruction was, the court further stated that if the defendant desired an instruction on his theory of the case, he should have requested it."

To dispel the misconception that a defendant is entitled to such an instruction, it must be pointed out that in McKinley v. Wagner, supra, the plaintiff had instituted the action alleging the negligence of the defendant; defendant answered, and *cross-complained* for damages he suffered in the accident. In such a situation, the defendant was seeking affirmative relief, and thus was relegated to the relative position of a plaintiff. The same situation prevailed in Durrington v. Crooker, 78 Idaho 539, 307 P.2d 227, wherein the plaintiff sought recovery for his damages, and the defendant cross-complained charging the plaintiff with negligence.

The 1960 and 1962 issues of A.L.R.2d Supplemental service again allies Idaho with those jurisdictions holding that the doctrine is available to a defendant, citing the cases of Laidlaw v. Barker, supra; Lallatin v. Terry, supra; and Hale v. Gunter, 82 Idaho 534, 356 P.2d 223.

The case of Laidlaw v. Barker, supra, was an action for wrongful death of a minor with judgment for plaintiffs, from which the defendants appealed; this court held that the minor's contributory negligence appeared as a matter of law, thus requiring a reversal of a judgment for the respondent. The court then held that, the last clear chance doctrine was inapplicable to the facts of the case, as the appellants (defendants) did not have an opportunity to avoid the accident; and further held, that the giving of such an instruction on the doctrine was not reversible error, since the appellants had invited

the error by requesting such an instruction on their own behalf.

In Lallatin v. Terry, supra, also a wrongful death action, wherein the plaintiff appealed, the trial court gave an instruction on last clear chance applicable to both the plaintiff and defendant. This court, without discussion of the applicability to a defendant of such instruction held that such doctrine had no application under the facts, but held that the giving of such instruction on the doctrine was not reversible error as the instruction was favorable to the appellant (plaintiff).

In Lallatin v. Terry, supra, reference is made to the case of Graham v. Milsap, 77 Idaho 179, 290 P.2d 744. In the Graham case, also a wrongful death action, the plaintiff recovered, and the defendant appealed; this court held that reversible error had been committed in the giving of an instruction on last clear chance in favor of the plaintiff, for the facts did not warrant the giving of such instruction. Unlike the case of Lallatin v. Terry, however, the defendant (appellant) did not invite the error.

The cases of Laidlaw v. Barker and Lallatin v. Terry (supra) are decisions which must be confined to the respective factual situations presented in those cases, and not expanded to encompass a factual situation as presented in the instant cause.

The last case referred to by the annotator as authority for applying the doctrine in favor of defendant is Hale v. Gunter, supra. There the owner of an automobile brought action against the owner of a truck for damages to the automobile as a result of a collision between the two vehicles. The driver of the plaintiff's automobile was attempting to pass defendant's truck, while the defendant attempted to make a left turn into a private roadway. The trial court found that the driver of plaintiff's car was acting in a reasonably prudent manner. Counsel for the defendant contended on appeal that the driver of the plaintiff's car had the last clear chance to avoid the accident. This Court concluded that this was an emergency situation to which the doctrine of the last clear chance had no application.

The Supreme Court of Arizona, in dealing with the problem of whether the last clear chance doctrine was available to a defendant, in Rollman v. Morgan, 73 Ariz. 305, 240 P.2d 1196, 32 A.L.R.2d 540, held that the doctrine of last clear chance was not applicable to a defendant. Arizona had earlier adopted the last clear chance doctrine in the case of Casey v. Marshall, 64 Ariz. 232, 168 P.2d 240, and relied upon the statement of the rule as appears in Grand Trunk R. Co. of Canada v. Ives, 144 U.S. 408, 12 S.Ct. 679, 687, 36 L.Ed. 485, 493, which is the identical authority

relied upon by this Court in the case of Pilmer v. Boise Traction Company, supra.

The Supreme Court of Arizona in Rollman v. Morgan, supra, stated:

"The Casey case, supra, also cited with approval the Restatement of the Law, Torts, § 479, Contributory Negligence, which treats the doctrine as applicable only for the benefit of a plaintiff who is met with a defense of contributory negligence.

"The majority of states also follow this same construction of the application of the doctrine, 65 C.J.S. Negligence § 137b, page 762. For an excellent analysis of minority rule see the leading case of Island Express v. Frederick, 5 W.W.Harr. 569, 35 Del. 569, 171 A. 181, 185.

"We adopt the majority rule. To invoke the doctrine on defendant's behalf would only tend to confuse the jury. Such a use of the rule would simply be another method of charging the plaintiff with contributory negligence. We concur with a statement made by the Supreme Court of South Dakota in Wolff v. Stenger, 59 S.D. 231, 239 N.W. 181, 184: '* * * Contributory negligence on the part of the plaintiff seeking recovery being essential to the application of the doctrine of "last clear chance," the doctrine is not in any proper sense susceptible of being invoked by the defendant from whom recovery is sought against the plaintiff because, before that stage can be reached, plaintiff's recovery is barred by his own contributory negligence.' "

For other jurisdictions that have followed the rule that the last clear chance doctrine is not available to a defendant; See Annot: 32 A.L.R.2d 543, § 3 at 548.

The doctrine of last clear chance is an anomaly of the law, which under very limited circumstances authorizes a relaxation of the rule of contributory negligence. It should not be expanded into a rule that would excuse a defendant found to have been negligent, from the responsibility for his own negligence.

In the instant action the plaintiff was proceeding in his vehicle on 5th Street and had the right of way over the defendant approaching such street from Warner Avenue. Defendant Bates was required to stop at the stop sign at 5th Street, and Warner Avenue, and had the duty imposed by statute to protect travellers on 5th Avenue from danger of his prematurely entering the intersection. The defendant is in no position to seek any "last clear chance" instructions, and the giving of such an instruction could do nothing except authorize the members of the jury to speculate

on a defendant's duties which are defined by statute. The sole function of the doctrine of last clear chance is to relax the harsh rule of a plaintiff's (or a counter claiming defendant's) contributory negligence which would otherwise bar recovery. The giving of an instruction as was done in this case, for the benefit of the defendant, in my opinion is clearly prejudicial error, as it distracts the attention of the members of the jury from their primary obligation of determining the issue of negligence of the parties and the issue of proximate cause.

McQUADE, TAYLOR and SMITH, JJ., concur in the foregoing special concurring opinion.

KNUDSON, Chief Justice (dissenting).

Under the opinion written by Justice Smith the judgment is reversed upon the ground that the trial court committed prejudicial error by instructing the jury on the last clear chance doctrine because "there is no substantial evidence to support the doctrine." In order that the reasons for my dissent may be clearly understood I consider it necessary to mention more of the facts than are stated in said opinion.

The uncontradicted evidence discloses that the accident occurred within an intersection at approximately 1:30 a. m.; the street surface was dry and visibility was good. Plaintiff testified that he had spent the seven hours immediately preceding the accident in a beer parlor, during which time he had no food and admittedly drank four beers. Respondent also admitted that he had drunk some beer during the nighttime immediately preceding the accident. The officer who investigated the accident shortly after it happened stated that he was of the opinion that both parties had been drinking shortly prior to that time. The court instructed the jury that the question of intoxication of either party was a proper one for them to consider.

There was no testimony regarding the speed of the respective automobiles prior to the accident other than the statements of the parties themselves and neither party admitted driving in excess of 25 miles per hour. However, the record discloses that after the collision plaintiff's car traveled 65 feet 4 inches, and defendant's traveled 43 feet 1 inch. It is my view that the relative speed of the automobiles involved was a question of fact to be resolved by the jury.

In said opinion it is in substance stated that the record is entirely lacking in proof of a time factor for applicability of the last clear chance doctrine. I disagree with such conclusion for the reason it is the uncontradicted fact that the point of impact occurred 6 feet 11 inches west of the center line of Fifth Street and approximately 2 feet south of the north boundary line of Warner Avenue as extended through Fifth Street.

The following is a copy of plaintiff's Exhibit 7, which was prepared by the officer who investigated the accident and was admitted in evidence.

This evidence is unchallenged proof that defendant traveled a distance of 28 feet 5 inches within the intersection before the accident occurred and that plaintiff traveled only approximately 2 feet within the intersection immediately prior to the collision.

It is alleged in defendant's affirmative defense inter alia that any injuries or damage sustained or suffered by plaintiff at the time and place of the accident were caused in whole or in part, or were contributed to, by the negligence, fault or want of care of the plaintiff by driving said automobile "without lighted headlights." Defendant testified that he came to a complete stop at the intersection of Fifth and Warner Streets; that he there looked for traffic from north and south but did not see any. When asked if he saw any lights on the

vehicle approaching he answered "no." Under cross-examination defendant testified as follows:

"Q Did you ever tell the Police Officer, Mr. B. H. Miller, at the scene of the accident, there, that Mr. Schwandt was driving without lights?

"A That is a question that I don't know whether I did or not. I am hazy about that point.

"Q Well I will ask you if I served you with interrogatories in Chicago and I will read interrogatory number 17. 'Do you claim that Mr. Schwandt was driving his pickup truck with the head lights off immediately prior to and at the time of the collision on May 27, 1961?' To that interrogatory you answered, 'Yes.' * * *"

Notwithstanding the fact that visibility was good and their respective views were entirely unobstructed, there was no other explanation by either of them as to why they did not see each other before the accident. In this connection the court gave the following instruction:

"INSTRUCTION NO. 17

"The law will not permit a driver of a motor vehicle to say that he looked and did not see that which was plainly visible or that which an ordinarily prudent person should or could have seen; but he must be presumed to have seen a plainly visible object or that which an ordinarily prudent person could or should have seen."

In Drury v. Palmer, 84 Idaho 558, 375 P.2d 125, this court had under consideration an accident which occurred at an intersection and stated:

"Appellant was under the duty to maintain a lookout for other vehicles approaching the intersection. The duty is not merely of looking, but is one of observation, imposing upon a motorist the necessity of being observant as to the traffic and general situation at or in the vicinity of the intersection. He must look in such prudent and careful manner as to enable him to see what a person in the exercise of ordinary care and caution for the safety of himself and others would have seen under like circumstances."

I realize that plaintiff introduced evidence tending to prove that the headlights on his car were lighted as he approached said intersection; however whether plaintiff did in fact have his headlights on, was a fact to be decided by the jury.

In support of my contention that the record discloses substantial evidence to support the doctrine I call attention to the following facts. The evidence is uncontradicted that defendant had traveled 26 feet through the intersection in plain view of plaintiff before plaintiff entered it. There is no evidence or contention that de-

fendant did not then have his headlights lighted. The evidence discloses that 25 miles per hour is the highest rate of speed which was being traveled by either of the parties immediately before the collision. Under such circumstances I contend that the jury would be justified in believing and concluding that if plaintiff had been keeping a proper lookout he could and should have avoided the collision and that he had, by the exercise of ordinary care and caution, a clear chance to do so.

I disagree with the statement contained in the concurring opinion wherein it is stated that "[i]n the instant action the plaintiff was proceeding in his vehicle on 5th Street and had the right of way over the defendant * * *." In order for such statement to be correct, it would require a conclusion that plaintiff was traveling with his headlights lighted and in all respects proceeding as an ordinarily prudent person would or should have been driving his vehicle while approaching the intersection. There is nothing in the record which shows that the jury found or believed that plaintiff was so driving. That the jury denied the plaintiff any damages strongly indicates to me the jury believed plaintiff to be in some degree at fault in causing the accident. If the jury believed that plaintiff was traveling without lights and/or that by reason of intoxication or other cause he was not maintaining

a proper lookout in the exercise of ordinary care and caution for the safety of himself and others, he would not be entitled to the benefit of a statute or regulation giving him the right of way under lawful conditions. In the case of Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724, this court stated:

> "While there is no express provision in the present statute for forfeiture of right of way by a plaintiff who approaches an intersection at an unlawful rate of speed, *such rule is implicit in the law of contributory negligence.* So, if the jury found from defendant's testimony that the plaintiff approached the intersection at an unlawful or dangerous rate of speed, *or failed to drive at an appropriated reduced speed when approaching the intersection,* and that such conduct was a contributing proximate cause of the collision, then the plaintiff could not recover." (Emphasis supplied.)

The fact that one may be entitled to the right of way does not excuse him from the exercise of ordinary care to avoid causing an accident. Stallinger v. Johnson, 65 Idaho 101, 139 P.2d 460. The elements of intoxication, speed, lights, due care and observance by the parties were proper elements to be considered by the jury in their estimate of the conduct by the parties. In this connection I consider it proper to mention that defendant's testimony that he stopped before entering the intersection is

not contradicted by anyone and certainly the jury was at liberty to believe him in this respect.

This court has repeatedly held that the "last clear chance doctrine is authorized by the pleadings, where the complaint alleges negligence of the defendant and the answer denies it, and alleges that the accident was caused by the plaintiff's negligence." Graham v. Milsap, 77 Idaho 179, 290 P.2d 744; McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796. In view of the denials contained in defendant's answer and the allegations of his affirmative defense it must be conceded that the pleadings here involved put in issue the doctrine of last clear chance. This court has also stated that if the proof leaves the-issue of last clear chance in doubt, or if reasonable minds might from the evidence reach different conclusions thereon, then the issue of last clear chance must be submitted to the jury. Durrington v. Crooker, 78 Idaho 539, 307 P.2d 227.

In the concurring opinion it is in effect stated that a defendant is not entitled to an instruction on the last clear chance doctrine and that the doctrine should not be expanded into a rule that would excuse a defendant found to have been negligent from the responsibility of his own negligence; that such doctrine should be limited in its application to a plaintiff. Under this reasoning we would have a law or rule of the road applicable only to those who may ulti-

mately be plaintiffs. I cannot agree with the annunciation of a doctrine which rules that where two successive negligences occur causing damage that only the party who is first to file complaint may invoke the rule, nor do I believe that such application of the doctrine was ever intended by this court.

In one of the earliest decisions of this court wherein such doctrine was considered, the court said that the doctrine is accurately stated as follows:

"The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it." Pilmer v. Boise Traction Co., Ltd., 14 Idaho 327, 94 P. 432, 15 L.R.A.,N.S., 254.

In said action the court also quoted with approval from Grand Trunk Ry. Co. of Canada v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485, wherein the United States Supreme Court stated:

"Although defendant's negligence may have been the primary cause of the injury complained of, yet an action for such injury cannot be maintained if the proximate and immediate cause of the injury can be traced to the want of ordinary care and caution in the person injured, * * *."

In McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796, this court again stated that it adhered in the pronouncement in Pilmer v.

Boise Traction Co., Ltd., supra, and restated the rule plainly in the following language:

> " 'A person who has the last clear chance or opportunity of avoiding an accident, notwithstanding the negligence of his opponent, is considered in law solely responsible for such accident.' "

The opinion holds that if the defendant cross-claimed for damages he suffered in the accident, he would thereby be relegated to the relative position of a plaintiff and possibly be entitled to the benefit of such doctrine. This application of the doctrine would limit its aid to only the one who demands damages. If the defendant did not pray for some relief in the action, irrespective of how clearly it may be established that the plaintiff had every opportunity to avoid the collision, he, the defendant, would not be entitled to its aid. It is my view that it makes no difference whether it is applied in favor of a plaintiff to allow a recovery or in favor of a defendant to defeat recovery. I believe it to be a basic law of the road and the duty of every motorist to avoid colliding with any person, vehicle or other object when by the exercise of ordinary care he can do so. (I.C. § 49–701.)

In the concurring opinion it is stated that the giving of the instruction on "last clear chance" could do nothing except authorize the members of the jury "to speculate on a defendant's duties which are defined by statute." I am unable to ascertain what "duties" are referred to. The record discloses that the court fully instructed and advised the jury regarding the duties of the defendant upon his approach and entrance to the intersection involved. If the jury believed that defendant stopped at the intersection and did not observe the plaintiff because plaintiff was traveling without lights, where did any speculation exist?

Said opinion also states that the giving of said instruction was prejudicial "as it distracts the attention of the members of the jury from their primary obligation of determining the issue of negligence of the parties and the issue of proximate cause." It is not pointed out what language in the instruction would be expected to cause distraction. The fact is that under the instruction here considered the jury was told that "this doctrine [last clear chance] may or may not apply depending upon what you find the facts to be." The determination as to whether the doctrine applied was left entirely with the jury where in my judgment it belonged.

It appears to me that each of the foregoing opinions is predicated upon an assumption that it is an established fact that defendant did not stop before entering the intersection and that the plaintiff had the right of way over the defendant. Since this

court is not the trier of the facts, I do not feel that the court is entitled to entertain any such assumed facts. Although I have hereinbefore stated that defendant's testimony to the effect that he did stop and observe, before entering the intersection, is not denied by any witness, I do think it is a fact to be decided by the jury. It has been stated by this court that where the minds of reasonable men might differ, or where different conclusions might be reached by different minds, the question as to the existence of negligence is a question for the jury. Stallinger v. Johnson, supra; Graham v. Milsap, supra.

It is also stated in Durrington v. Crooker, 78 Idaho 539, 307 P.2d 227 that:

"* * * If the proof leaves the issue of last clear chance in doubt, or if reasonable minds might from the evidence reach different conclusions thereon, then the issue of last clear chance must be submitted to the jury. * * *"

It is the duty of the trial court to instruct the jury upon every reasonable theory of either party finding support in the pleadings and evidence. Idaho Gold Dredging Corp. v. Boise Pay. L. Co., 64 Idaho 474, 133 P.2d 1017. From my examination of the record, I am convinced that there is sufficient substantial evidence to justify the court in giving the questioned instruction. The judgment should be affirmed.