376 P.2d 707

Rex COURNYER, and Mary L. Cournyer, husband and wife, Plaintiffs-Appellants,

v.

George FOLLETT, Defendant-Respondent.

No. 9172.

Supreme Court of Idaho.

Dec. 3, 1962.

120

Clements & Clements, Lewiston, for respondent.

--------

Frank V. Barton, Lewiston, for appellants.

**McQUADE, Justice.**

This action is to recover damages alleged to have been caused by a collision between a pickup truck driven by plaintiff, Mary L. Cournyer, and a sedan automobile driven by defendant, George Follett. The collision occurred at the intersection of Fifth and "F" streets in Lewiston, Idaho, on October 14, 1958. The plaintiffs, Mary L. Cournyer and her husband Rex Cournyer, contend the defendant was negligent in the operation of his vehicle and that this neg-

ligence was the proximate cause of the collision. The defendant contends the plaintiff, Mary Cournyer, was negligent in that she improperly stopped while turning right at the intersection and that this negligence contributed to and proximately caused the collision.

The parties stipulated the date of the collision; the make and ownership of the vehicles; that the plaintiff Mary L. Cournyer, was driving the truck west on "F" street, and approaching the intersection of "F" street and Fifth street and that she planned to enter onto Fifth street and proceed north; that the defendant was driving his automobile west on "F" street behind the vehicle being driven by the plaintiff; and that a collision occurred at the aforesaid intersection when the front of the defendant's vehicle struck the left rear fender and bumper of the vehicle being driven by the plaintiff, Mary L. Cournyer.

The only real conflict in the testimony concerning events surrounding the collision involve the position of the vehicles at the time of the collision and the actions of the two drivers immediately preceding the collision. Plaintiffs contend that Mary Cournyer drove west on "F" street where she halted, and while so stopped, was struck by defendant's vehicle. The defendant, however, contends that he was following the vehicle being driven by Mary Cournyer; that when she stopped at the intersection,

the defendant stopped between six and eight feet behind the plaintiffs' pickup; that when Mary Cournyer then proceeded to make a right turn onto Fifth street, the defendant drove forward to the stop sign where the pickup had stopped, he then started to enter the intersection; that at this point the pickup abruptly stopped in front of the defendant and was struck by the defendant's car. Thus the conflict between the parties centers around the claim of the plaintiffs that the negligence of the defendant in driving into plaintiffs' vehicle while it was stopped at the intersection was the sole proximate cause of the collision, whereas the defendant contends Mary Cournyer had driven her vehicle into the intersection and started to make a right turn and stopped abruptly and that by so stopping the plaintiff committed an act of negligence which contributed to and was a proximate cause of the collision.

At the conclusion of the evidence, the case was submitted to the jury. The jury was instructed as to the law regarding negligence and contributory negligence. The trial court refused Plaintiffs' Requested Instruction No. 12, which dealt with the Doctrine of Last Clear Chance. The jury returned a verdict for the defendant and judgment was entered thereon.

Plaintiffs filed a motion for a new trial on the grounds that there was insufficient evidence to justify the verdict and judgment. The plaintiffs now appeal from the order denying the new trial and the judgment, contending that the trial court erred in (1) refusing to give Plaintiffs' Requested Instruction No. 12 regarding the Doctrine of Last Clear Chance, (2) refusing to grant plaintiffs' motion for a new trial, in that there was insufficient evidence to justify the verdict, and (3) entering the judgment on the verdict, on the ground that the same is not supported by substantial evidence and is contrary to law and fact.

Plaintiffs contention that the trial court erred when it refused to instruct the jury on the doctrine of Last Clear Chance is without merit. In Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287, this court held:

"That doctrine implies thought, appreciation, mental direction and lapse of sufficient time effectually so to act as to save another from injury to which he has negligently exposed himself. It is not applicable where the emergency is so sudden that there is no time to avert the accident."

Pursuant to the above rule the party seeking to rely on the doctrine of last clear chance, must show that the party charged with exercising the last clear chance had sufficient time to realize the danger, as well as an opportunity to have avoided the accident. See also Graham v. Milsap, 77 Idaho 179, 290 P.2d 744.

Defendant was the only witness to testify whether he had seen the plaintiff's pickup in time to have avoided the collision. He testified he saw the pickup stop in front of him and was about six or eight feet from it and that he did not have time to avoid the accident. Plaintiff Mary Cournyer, stated she did not see defendant's car prior to the collision and "had no idea there was anybody behind her". This Court has held that " 'the doctrine (of last clear chance) not only requires that the chance must be the "last" chance, but it must also be a "clear" chance.' " Allen v. Idaho Power Company, 84 Idaho 309, 372 P.2d 80; Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112.

Before the jury may be instructed on the doctrine of last clear chance there must be substantial evidence to support the doctrine. Graham v. Milsap, 77 Idaho 179, 290 P.2d 744; Allen v. Idaho Power Company, supra. There being no substantial evidence to support application of the doctrine in this case, the trial court was correct in refusing plaintiffs' requested instruction.

Plaintiffs further assign as error the refusal of the trial court to grant their motion for a new trial, and entering judgment on the verdict based on the contention that there was insufficient evidence to justify the verdict. A review of the record discloses substantial evidence in support of the verdict and judgment. Where there is substantial evidence to support the verdict and judgment it will not be set aside. Boomer v. Isley, 49 Idaho 666, 290 P. 405; Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680; Daniels v. Campanello, 75 Idaho 475, 274 P.2d 998. Accordingly, the judgment is affirmed.

Costs to respondents.

SMITH, C. J., and TAYLOR, KNUDSON and McFADDEN, JJ., concur.