408 P.2d 159

**Allen McINTIRE, Plaintiff-Respondent,**

**v.**

**Paul ENGLE, Defendant-Appellant.**

**No. 9623.**

Supreme Court of Idaho.

Nov. 24, 1965.

Elam Burke, Jeppesen & Evans, Boise, for appellant.

C. Ben Martin, Boise, for respondent.

McQUADE, Chief Justice.

On October 25, 1963, Allen McIntire, plaintiff-respondent herein, and Paul Engle,

defendant-appellant herein, were involved in an accident at the intersection of 13th and Idaho Streets in Boise. McIntire was riding his motorcycle westerly on Idaho, a one-way through street; Engle was driving his car northerly on 13th and, after stopping at a stop sign on the corner of 13th and Idaho, proceeded to cross the intersection. Engle testified that after stopping at the stop sign, he "looked up and all I saw was two cars, possibly three hundred feet away in the north two lanes. I had plenty of time to beat them across, and I started, and, well, I didn't get there." Engle testified that he did not see the motorcycle before the collision, which occurred at a point approximately in the center of the intersection. The motorcycle hit the right side of Engle's car.

A bystander who witnessed the accident stated that McIntire was traveling 20 to 25 miles per hour in the center lane about 40 feet behind a car; another car was about the same distance in front of McIntire in the south lane of Idaho Street. When the witness first observed McIntire and the cars ahead of him, the cars were just crossing the intersection. He also testified that Engle proceeded after the cars passed and that the "motorcycle had no chance, and I yelled, and the impact was sudden."

A policeman, who arrived on the scene a few minutes after the accident, measured the skid marks of McIntire's motorcycle. They were in the center lane near the line dividing the center lane and the south lane and measured 35 feet, parallel to the center lane, until a few feet before the point of impact when they veered slightly north or toward the center of the intersection.

McIntire testified that he was riding in the center lane at 25 miles per hour, 30 to 40 feet behind a car, when Engle's car suddenly appeared in the intersection right in front of him and he veered to the right to try to avoid him.

A passenger in Engle's automobile testified that when Engle started to proceed after stopping at the stop sign, he looked down the street and all he noticed were two cars in the north lane of Idaho Street about a block away. When the car reached the south lane of Idaho Street, he first saw McIntire about 100 feet away, riding in the south lane. He stated:

"The minute I saw the motorcycle * * * and as quick as I could think, I said: Look out, Paul. And I ducked over, because I thought he was coming right through the car at me, so I ducked down, and by the time I got that out of my mouth, he had hit us."

McIntire instituted this action, alleging negligence by Engle, to recover damages for injuries to his person and property. Engle denied negligence and counterclaimed for damages to his car. The jury

found against Engle and returned a verdict of $10,416.58 for McIntire. The trial court entered judgment on that verdict.

Appellant asserts error in the trial court's refusal to instruct the jury on the doctrine of last clear chance.

"That doctrine implies thought, appreciation, mental direction and lapse of sufficient time effectually so to act as to save another from injury to which he has negligently exposed himself. It is not applicable where the emergency is so sudden that there is no time to avert the accident." Laidlaw v. Barker, 78 Idaho 67, 74, 297 P.2d 287 (1956).

■ McIntire must have perceived Engle's car at a time when Engle could not have saved himself and in time for McIntire to have avoided the accident. McIntire v. Oregon Short Line R. R. Co., 56 Idaho 392, 55 P.2d 148 (1936). Here, McIntire did not perceive Engle's peril and Engle was in no peril until McIntire was upon or so close to Engle that he could not stop in time to avoid the accident.

■ To justify the giving of an instruction on the doctrine of last clear chance there must be substantial evidence to support the giving of such an instruction. The doctrine not only requires that the chance be the "last" chance but also it must be a "clear" chance. Schwandt v. Bates, 88 Idaho 131, 397 P.2d 244 (1964). The trial court did not commit error in refusing to give an instruction on the doctrine of last clear chance since the evidence did not warrant such an instruction.

■ Engle also contends that the evidence is insufficient as a matter of law to support a verdict for $10,416.58. After reviewing the record, we cannot state that as a matter of law the verdict is excessive or that the record fails to support such a sum. There is no evidence that the verdict "appears to have been given under the influence of passion and prejudice" as appellant claims.

There was no error in failing to grant Engle's motion for a new trial.

The judgment below is affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.