507 P.2d 486

**Clara EDWARDS and Cliff B. Edwards, wife and husband, Plaintiffs-Appellants,**

**v.**

**John WALKER, Defendant-Respondent.**

**No. 10988.**

Supreme Court of Idaho.

March 5, 1973.

Stephen C. Batt, of Gatchel & Batt, Payette, for plaintiffs-appellants.

Dwaine Y. Welch, Payette, Craig Marcus, of Marcus & Marcus, Boise, for defendant-respondent.

DONALDSON, Chief Justice.

This appeal is from a suit for personal injuries that arose out of a rear-end collision which occurred on Highway 95, approximately 2.1 miles south of Payette, Idaho, at 3:00 p. m. on December 10, 1969. The sole issue on this appeal is whether the district court erred in refusing to instruct the jury on the doctrine of last clear chance. Mrs. Edwards, one of plaintiffs-appellants (hereafter, the plaintiff), was driving a 1962 Pontiac with her adult daughter and three small grandchildren as passengers. Mr. Walker, the defendant-respondent (hereafter, the defendant), was driving a 1959 Chevrolet half-ton pickup truck and pulling an empty, single-axle U-Haul trailer. His passengers were his wife and two small children. Previous to, and at the time of, the accident, it was snowing. Defendant, his wife, and the sheriff who investigated the accident testified that it was snowing quite heavily. Plaintiff and her daughter testified that it had been snowing heavily prior to the accident, but that at the time of the accident, it was snowing lightly. Descriptions of the road conditions also varied. Plaintiff testified the road was "sort of slushy" or "wet," but that it was not slick. Her daughter testified that the road was "slushy, it wasn't too awfully slick." The sheriff testified that there was slush on the road and the defendant said that the road had "an inch or two of slush on it," and was "slick." Plaintiff and defendant agree that their range of vision was limited to 300 feet more or less.

At the location of the accident, Highway 95 consists of two northbound and two southbound lanes. Both vehicles were in the right-hand, southbound lane. Mrs. Edwards, the plaintiff, was ahead of Mr. Walker. She testified that she was intending to turn off the highway into an access road to the Riverside Trailer Court. The access road connects with Highway 95 on the east side of the highway. Because of her position in the western-most lane of the highway, plaintiff would have had to cross one southbound and two northbound lanes of traffic in order to reach the access road. Plaintiff testified that she was unable to change to the left-hand, southbound lane as she neared the access turn-off because of cars, traveling in the same direction, passing her in the left-hand lane. Plaintiff testified that as she neared the access road, she reduced her speed from 35 miles per hour and was going 10 to 20 miles per hour at the time of the impact. Her daughter testified that the speed of the Pontiac when it was hit was 15 or 20 miles per hour. Plaintiff said that she had switched on her turn signal preparatory to turning onto the access road but defendant said he did not see any signal light. Plaintiff further testified that her rear windshield was obscured by snow and fog, so she could not see cars approaching from behind in either lane, and that she was rolling down her window to look for an opportunity to turn left across the highway into the access road when defendant's truck struck her car from behind. Other than the occupants of the two vehicles, there were no eyewitnesses to the accident.

The access road to the trailer court is located approximately one-tenth of a mile south of the bridge on which Highway 95 crosses the Payette River. The level of the bridge is higher than the level of the highway on the north and south sides of the river. Defendant testified that he was traveling at a speed of 35 miles per hour with his headlights on low beam, and that he first saw plaintiff's car ahead of him after he had crossed the bridge, when the car was 300 feet away, but he assumed

that the car was moving. He said that he observed that the plaintiff's car was stopped when he was 100 to 200 feet away, and at that point shifted down into second gear, tapped his brakes and steered his truck to the right, aiming for a turnoff into the bordering orchard. The accident occurred before he was able to reach the turnoff. He explained that he could not have swerved into the left lane to pass the plaintiff on the left because "traffic was pretty heavy there coming around me." He said he could not veer sharply to the right because of the bordering orchard and that he did not apply his brakes firmly because the truck "would have skidded out of control and wouldn't have slowed down."

Defendant testified that at the point of impact, his truck was going about five miles per hour. In his oral deposition which was read into evidence at the trial, the investigating sheriff testified with regard to the amount of force with which the vehicles came together that, "There was no great amount of speed in it," and that he observed "very little" damage to plaintiff's automobile. Plaintiff's daughter testified that from the moment when she heard the truck behind them to the moment when plaintiff's car was struck, the revolutions per minute of the defendant's engine remained constant. Although plaintiff and her daughter claim that plaintiff's car was struck two or three times, defendant says there was only one impact, after which the Pontiac did not move. Defendant testified that after the impact he put his pickup in reverse and "backed away a little so I could tell what kind of damage was done * * *." The sheriff testified that when he arrived at the scene, the vehicles were four or five feet apart. He testified that the only debris he found indicating a collision was under the pickup. He said there was no other debris that he knew of, but that it was "possible" that there was other debris north of the final stopping place of the vehicles.

■ Mrs. Edwards and her husband sued Mr. Walker for personal injuries to Mrs. Edwards and other damages, alleging that negligence on the part of Mr. Walker was the proximate cause of the accident. Mr. Walker's answer denied negligence on his part and alleged that plaintiff's injuries and other damages were proximately caused by her own negligence. The case was tried to a jury and from a judgment in favor of Mr. Walker, the Edwards have appealed. They assign as error the district judge's refusal to instruct the jury on the doctrine of last clear chance. The applicability of the doctrine of last clear chance is at issue in this case, notwithstanding the recent enactment of comparative negligence statutes in Idaho, because the instant cause of action arose before the effective date of the comparative negligence statutes. No law in this state is to be applied retroactively, absent a clear indication of legislative intent to the contrary. Unity Light & Power Co. v. City of Burley, 92 Idaho 499, 445 P.2d 720 (1968); I.C. § 73-101.

■ The elements necessary for the application of the doctrine of last clear chance, as stated by the plaintiff are: "(1) that the plaintiff, by his own negligence, has got[ten] himself into a position of danger; (2) as a result thereof, it is physically impossible for him to escape by the exercise of ordinary care, or he is totally unaware of his danger and for that reason cannot escape; (3) that defendant has actual knowledge that plaintiff is in such situation and knows, or in the exercise of ordinary care, should know, that plaintiff cannot escape from such situation; (4) that defendant has a last clear chance to avoid [the] accident by exercising ordinary care and fails to do so." This statement of the doctrine is in harmony with recent Idaho cases on the subject. E. g., Kuhn v. Dell, 89 Idaho 250, 404 P.2d 357 (1965); Cournyer v. Follett, 85 Idaho 119, 376 P.2d 707 (1962); cf. Restatement (Second) of Torts §§ 479, 480 (1965). The instruction requested by plaintiff outlines the doctrine for the jury in substantially similar terms.

■■ In Idaho, there must be substantial evidence supporting the application of the doctrine in order to justify the giving of an instruction on last clear chance. McIntire v. Engle, 90 Idaho 63, 66, 408 P. 2d 159 (1965); Kuhn v. Dell, *supra,* 89 Idaho at 253, 404 P.2d 357; Cournyer v. Follett, *supra,* 85 Idaho at 123, 376 P.2d 707; Allen v. Idaho Power Co., 84 Idaho 309, 314, 372 P.2d 80 (1962). A careful examination of the record in this case does not reveal substantial evidence to warrant the application of the doctrine. We therefore hold that the requested instruction was properly omitted.

■■ In the case before us, there is substantial evidence that the plaintiff had been negligent and that at some point immediately before the accident was in a position of peril from which she was unable to extricate herself. Thus the first two requirements for the application of the doctrine are satisfied. However, once these elements of the doctrine are established,

> "There must be proof that the defendant discovered the situation, that he then had the time to take action which would have saved the plaintiff, and that he failed to do something which a reasonable man would have done." Prosser, Torts 440 (3rd ed. 1964).

The doctrine of last clear chance is not applicable unless the defendant actually discovered and appreciated the plaintiff's peril in time to prevent the plaintiff's injury.

This Court has said that the doctrine of last clear chance,

> "implies thought, appreciation, mental direction and lapse of sufficient time effectually so to act as to save another from injury to which he has negligently exposed himself." Kuhn v. Dell, *supra,* 89 Idaho at 256, 404 P.2d at 361.

The third and fourth elements of the doctrine of last clear chance are closely interrelated. Whether the defendant had a last clear chance to avoid the accident and whether he acted as a reasonable man under the circumstances depend upon the amount of time elapsing between his discovery of the plaintiff's peril and the moment of the accident, and upon the alternatives of action reasonably available to the defendant. Conduct which may be reasonable when only a few seconds are available for action, may be unreasonable when a longer period of time is involved. In this case the plaintiff argues that the defendant observed plaintiff's peril when he was 300 feet away from her, and that therefore if an instruction on last clear chance had been given that the jury could have found that the defendant had sufficient time to act in a manner which would have averted the accident entirely.

■ Under the doctrine of "unconscious last clear chance," a negligent defendant may be held liable notwithstanding the plaintiff's contributory negligence, if the defendant fails to discover the plaintiff's peril in time, but would have discovered such peril in the exercise of ordinary care. Restatement (Second) of Torts § 479(b)(ii) (1965).

Idaho does not recognize the doctrine of "unconscious last clear chance." In Idaho, a defendant must actually perceive the plaintiff's peril in time to avoid the accident, before the doctrine of last clear chance has application. McIntire v. Engle, *supra,* 90 Idaho at 66, 408 P.2d 159; Allen v. Idaho Power Co., *supra,* 84 Idaho at 313, 372 P.2d 80. This has been said to be the position taken by the majority of American Jurisdictions. Silva v. Oishi, 52 Haw. 129, 471 P.2d 524, 526 (1970).

In the case of Kuhn v. Dell, *supra,* this Court stated:

> "It is not sufficient that the evidence would support a finding that appellant Dell in the exercise of due care should have observed the Kuhn car sooner than he did because, if such failure on Dell's part was a proximate cause, or a contributing proximate cause, of the collision, he would be subjected to liability by application of the law of negligence for his failure so to observe. Under such state of facts any attempted appli-

cation of the doctrine of last clear chance on the ground that appellant Dell should have sooner observed the Kuhn car, would be repetitious of the law of negligence under the guise of last clear chance." 89 Idaho at 258, 404 P.2d at 362.

In the present case, the defendant saw the plaintiff's car when he was 300 feet away from it but assumed that it was moving. He testified that when he was 100 to 200 feet away, he realized that the car was stopped and then took action to avoid the collision which consisted of shifting into second gear, tapping his brakes, and steering his truck to the right. Plaintiff contends that defendant observed her in a dangerous position at 300 feet and was therefore under a duty to use reasonable diligence in analyzing the same and comprehending the plaintiff's peril. Plaintiff states that the defendant may not rely upon dullness to excuse him from not realizing the plaintiff's peril, citing Nicolai v. Pacific Electric Railway Co., 92 Cal.App. 100, 267 P. 758, 761 (1928). She contends that knowledge of the plaintiff's peril is imputed to a defendant under circumstances where a reasonable man would realize the peril, citing Perin v. Nelson, 119 Cal.App.2d 560, 259 P.2d 959, 961 (1953). These statements are applicable to situations where a defendant actually sees a dangerous situation but claims that he did not appreciate the inherent danger. There is no evidence that the defendant actually saw a dangerous situation and therefore should have appreciated the danger of the plaintiff's position any sooner than he did. The defendant saw a car 300 feet ahead of him and assumed it was moving. According to the testimony of both plaintiff and her daughter the car was indeed moving, both at the time when defendant first saw it and at the time of impact. Plaintiff's estimate of their speed at the time of impact was from 10 to 20 miles per hour and her daughter's was 15 or 20 miles per hour.

If the defendant had seen a stopped car on the highway and failed to appreciate the danger inherent in such a situation, he might well be charged with knowledge of the danger in spite of any asserted lack of comprehension. However, in this case there is no evidence to support a finding that the defendant should have become aware of the plaintiff's peril before he did.

This Court having determined that there was no evidence from which the jury could have found that the defendant had a longer period of time than he claimed in which to react to the plaintiff's discovered peril, we turn to the fourth element of the last clear chance doctrine, i. e., whether within the time available defendant had a reasonable opportunity to avoid the accident by exercising due care and yet failed to utilize that opportunity.

If, as defendant testified, he was traveling at a speed of 35 miles per hour and was 200 feet at most from the plaintiff's car when he realized that it was stopped, he had, at that moment, four seconds to act to avoid hitting the plaintiff. He testified that he shifted into second gear, tapped his brakes and steered to the right and his testimony was unrefuted. His testimony as to what he did and the rate of speed at which the vehicles collided (5 miles per hour) is substantiated by the sheriff's testimony that there was "no great amount of speed" involved in the accident. The plaintiff's contention is not that the defendant did not do what he said he did, but that a reasonable man would have acted otherwise.

Plaintiff further claims that the jury might have found from the evidence that a reasonable man would have pulled into the left lane to avoid colliding with her car. There is no evidence that the left lane was clear and there is testimony from both parties that the traffic in the left lane was fairly heavy. Mrs. Edwards testified that she tried to get over into the left lane to make her turn, but there were cars passing her on the left. She testified that four or five cars passed her as she left the bridge and that she was rolling down her side window at the time of impact because the

rear window was obscured and "because cars just had passed." Plaintiff's daughter, on the other hand, testified that a car passed the Pontiac four or five seconds before the accident, but that no more cars passed in that lane until shortly after the accident. Mr. Walker, the defendant, testified that several cars passed him between the bridge and the point of impact, that he believed that cars passed him between the time he put his car in second gear and the moment of the collision and that he could see cars behind him in his rearview mirror both before and after he put his truck into second gear. We find no substantial evidence that the defendant could have safely turned into the left lane or that a reasonable man would have done so under the circumstances. Furthermore, if the plaintiff was signaling a left turn with her signal light, as she testified, it would have been negligent for the defendant to pull into the left lane into the path of her proposed turn. Nor do we find that there was substantial evidence that a reasonable man in the position of the defendant would have applied his brakes firmly, in view of the fact that the pavement was slushy, posing the danger of an uncontrolled skid if the brakes had been applied firmly, and in view of the fact that the defendant was pulling a trailer.

The period of time between the defendant's discovery of the plaintiff's dangerous situation and the collision was extremely short, a matter of seconds,

"Where a defendant is confronted by an emergency created by the negligence of the plaintiff, and he does what he can to avoid an injury, he is not liable under the doctrine of last clear chance, even though his course of action is not the wisest choice, and though he is unsuccessful." Landeis v. Poole, 69 Wash.2d 515, 418 P.2d 717, 719 (1966).

This Court has stated that:

"Juries should not be asked or allowed to speculate upon possibilities of avoiding an injury under the circumstances which would be beyond human experience, and on the side of the miraculous. Courts sometimes overlook the fact that the doctrine [of last clear chance] not only requires that the chance must be the 'last' chance, but it must also be a 'clear' chance." Lallatin v. Terry, 81 Idaho 238, 250, 340 P.2d 112, 120 (1959).

Since there was no substantial evidence that the defendant had a last clear chance to avert the accident, an instruction on that doctrine would have been reversible error, and was properly omitted.

Judgment affirmed. Costs to respondent.

SHEPARD, McQUADE, McFADDEN, and BAKES, JJ., concur.