529 P.2d 1261

**Clyde L. JOHNSON, Plaintiff-Appellant,**

v.

**CLEARWATER STAGE LINES, INC., an Idaho corporation, et al., Defendants-Respondents.**

**No. 11114.**

Supreme Court of Idaho.

Oct. 18, 1974.

**390**

Eli Rapaich of Rapaich & Knutson, Lewiston, for plaintiff-appellant.

Reed Clements of Clements & Clements, Lewiston, for defendants-respondents.

McFADDEN, Justice.

This action was initiated by plaintiff-appellant Clyde J. Johnson to recover damages for injuries allegedly sustained when his motor vehicle was struck from behind by a twenty-passenger bus owned by defendant-respondent Clearwater Stage Lines, Inc. Prior to the accident, which occurred on August 2, 1968, both vehicles had been heading east on U. S. Highway 12, a highway with one traffic lane in each direction. At the time of the collision, the plaintiff was preparing to turn right (south) off of Highway 12 onto what is known as the Amos Bench Road. The road intersects the highway at such an acute angle that anyone heading east who wishes to turn right onto the Amos Bench Road must necessarily slow to a very low speed in order to successfully negotiate the turn. South of Highway 12 and just west of the Amos Bench Road there are some mailboxes and an unpaved area between the mailboxes and the highway for the delivery and pickup of mail; this unpaved area is sufficiently wide to allow a vehicle to pull entirely off the paved portion of Highway 12. The plaintiff's mailbox is located here, and the plaintiff resides off of the Amos Bench Road. In approaching the Highway 12-Amos Bench Road intersection from the west, the ability to see the area of the intersection is somewhat limited because the highway curves around to the right as it approaches that area from the west. At the time of the collision, the plaintiff's vehicle had either come to a stop or was moving very slowly; the plaintiff's estimate was that his speed was between two and four miles per hour at the moment of impact.

The only eyewitnesses to the accident were the plaintiff, the bus driver, and three passengers riding on the bus. The plaintiff testified that he knew the bus was behind him, that it was going about fifty five miles per hour, and that there was traffic approaching from the opposite direction in the other lane; he testified that for these reasons he decided to pull off the highway so that the bus could go by without having to slow down. According to the plaintiff, he had in fact pulled all the way off the paved portion of the highway onto the unpaved area in front of the mailboxes when his vehicle was struck by the defendant's bus. The plaintiff further testified that if the bus had remained on the pavement, it could have safely avoided the acci-

dent without having to reduce speed or stop. Controverting the plaintiff's testimony were the driver of the bus and its passengers, who all testified that the plaintiff had not pulled off the pavement; according to these witnesses, the plaintiff's vehicle was located in the eastbound traffic lane when the collision occurred.

The plaintiff testified that he had activated his right-side electric turn signal some five or six hundred feet prior to reaching the Amos Bench Road. The plaintiff admitted that no hand signals were given to indicate his intention to turn or to slow down. As the bus approached the intersection, the bus driver and one passenger saw the plaintiff's left brake light flash; but neither the bus driver nor any of the passengers saw any light appear on the right rear side of the plaintiff's vehicle. The brake and signal lights on the right rear side of the plaintiff's vehicle may have been obscured by dust and mud.

After trial before a jury, a verdict was rendered in favor of the defendants. The plaintiff then moved for a judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied both motions, and the plaintiff appealed.

■ Plaintiff has made numerous assignments of error. One of them is basically directed to the sufficiency of the evidence to sustain the verdict, and another asserts the trial court should have granted his motion for judgment notwithstanding the verdict or for a new trial. In regard to these assignments of error, this court after reviewing the record is of the opinion there was sufficient competent although conflicting evidence to sustain the verdict; and further that there was no error in the trial court's exercise of its discretion in refusing the motion for judgment notwithstanding the verdict or for a

new trial. Mann v. Safeway Stores, Inc., 95 Idaho 732, 518 P.2d 1194 (1974).

All remaining assignments of error are directed towards the giving of certain instructions, and to the refusal of the trial court to give certain instructions requested by the plaintiff. Excepting the assignment of error directed to the trial court's refusal to give an instruction on the doctrine of last clear chance, hereinafter discussed, this court has examined the instructions given and requested by the plaintiff and finds no error.

■ Concerning the trial court's refusal to give an instruction on the doctrine of last clear chance,[1] this court has held that to justify giving such an instruction there must be substantial evidence supporting the application of the doctrine. McIntire v. Engle, 90 Idaho 63, 408 P.2d 159 (1965); Edwards v. Walker, 95 Idaho 289, 507 P.2d 486 (1973); Kuhn v. Dell, 89 Idaho 250, 404 P.2d 357 (1965).

In Edwards v. Walker, supra, this court again pointed out that four elements must be present in order for the doctrine of last clear chance to be applicable, i. e.:

"(1) that the plaintiff, by his own negligence, has gotten himself into a position of danger; (2) as a result thereof, it is physically impossible for him to escape by the exercise of ordinary care, or he is totally unaware of his danger and for that reason cannot escape; (3) that defendant has actual knowledge that plaintiff is in such situation and knows, or in the exercise of ordinary care, should know, that plaintiff cannot escape from such situation; (4) that defendant has a last clear chance to avoid the accident by exercising ordinary care and fails to do so." 507 P.2d at 488.

Examination of the record does not reveal substantial evidence to warrant the application of the last clear chance doc-

---

1. The application of the doctrine of last clear chance is at issue in this case, notwithstanding the recent enactment of comparative negligence statutes in Idaho, because the instant cause of action arose before the effective date of the comparative negligence statutes. Edwards v. Walker, 95 Idaho 289, 507 P.2d 486 (1973).

trine in this instance. The plaintiff testified that the collision occurred on the shoulder of the highway and not in the traffic lane, which testimony was seriously ing the plaintiff's version, however, if the controverted by other witnesses. Accepting collision did occur on the shoulder of the road, an instruction on last clear chance would not have been appropriate, because then the plaintiff would not have been in a position of danger for the reason that the highway would have been clear for the defendant's use; thus the first element would be lacking. There would have been no evidence of contributory negligence on his part to be dispelled by the application of the last clear chance doctrine.

If, however, we consider the other alternative (i. e., that the collision occurred in the east bound lane of traffic) as was testified to by all the other eyewitnesses, then the plaintiff may have been in a position of peril as a result of his own negligence (i. e., failure to signal a sudden decrease in speed, or to signal his intended turn). However, the record establishes that plaintiff was aware of the vehicle approaching him from the rear, and it was physically possible for him to escape by the exercise of reasonable care. The plaintiff testified that when the bus was about 150 yards behind him, he was aware of its presence and of the fact that it was "gaining" on him. When plaintiff first applied his brakes, he testified he was going about 55 miles per hour and that the bus was then only 200 feet behind him; he was also aware of the fact that the bus would be unable to go around him because of traffic approaching him from the opposite direction. However, the plaintiff could have pulled off the highway to the area between the highway and the mailboxes as he reduced speed in preparation for his turn, which would have allowed the bus to pass by without having to reduce speed or stop; in fact, plaintiff testified this is exactly what he did do. Under this alternative version of the facts, the second element (physical impossibility to escape by the exercise of ordinary care,

or unawareness of the danger) required for applying the doctrine of last clear chance is absent.

Regardless of which version of the facts the jury chose to believe, substantial evidence to support the application of the last clear chance doctrine does not exist. Thus there was no error to refuse to give the requested instruction. Edwards v. Walker, supra.

The judgment is affirmed. Costs to respondents.

SHEPARD, C. J., and DONALDSON and McQUADE, JJ., concur.

BAKES, J., dissents without opinion.