536 P.2d 1120

**Roberta KONDO, Plaintiff-Appellant,**

v.

**Robert P. JOHNSON et al., Defendants-Respondents.**

No. 11508.

Supreme Court of Idaho.

June 20, 1975.

Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for plaintiff-appellant.

Craig Marcus, of Marcus & Marcus, Boise, for defendants-respondents.

McFADDEN, Justice.

This appeal is from the order of the district court denying the appellant's motion for a new trial, and presents the sole issue of whether the trial court erred in refusing to give the plaintiff-appellant's requested instructions covering the doctrine of last clear chance. This court affirms the ruling of the trial court.

Roberta Kondo, the plaintiff-appellant, instituted this action in 1971 after reaching age of majority, seeking damages claimed to have been sustained as a result of being hit by a car operated and owned by respondent Robert P. Johnson. On July 8, 1966, the plaintiff, then a 12 year old girl, was standing with a friend next to a cross-walk at the northwest corner of the intersection of Fifth Street (running generally north and south) and Nampa-Caldwell Boulevard (running generally east and west) in Nampa. The two girls earlier attended a summer recreation program in the morning at a nearby school. They were returning to the school area when the events involved occurred.

Nampa-Caldwell Boulevard, a through street which the girls desired to cross, is a four-lane highway with traffic moving in both directions. The highway was relatively narrow and was marked with pedestrian crossing lanes, but there were no pedestrian traffic control signals.

As the girls were waiting at the northwest corner to cross the boulevard, two westbound cars stopped, and Roberta started across the boulevard. Roberta's friend did not attempt to cross at this time.

Roberta crossed without incident the two lanes of westbound traffic closest to her. At this time, vehicles were approaching the crosswalk in the two eastbound lanes. Respondent Johnson accompanied by his wife was traveling in his vehicle in the outside eastbound lane. As he approached the intersection at a speed of 15 to 20 miles per hour, a truck was passing him on his left. Roberta, trotting across the intersection, was angling out of the crosswalk when she hit the Johnson car at about the front door. She was knocked down, but stood up and continued towards the school. Johnson brought his car to a stop in the intersection, parked it out of the traffic flow and came back to find the girl.

Two police officers observed the accident from the patrol car parked on Fifth Street a short distance northerly from the intersection. One of the officers testified he had watched Roberta as she crossed the intersection and that she was trotting or half-running.

Johnson testified that as he approached the intersection the truck was passing him on his left, and only after the truck had passed him, did he see Roberta. He testified that she was angling off from the crosswalk and was trotting. He hit his brakes almost bringing his vehicle to a stop, but nonetheless, the girl ran into his car.

Both parties have cited the case of Edwards v. Walker, 95 Idaho 289, 507 P.2d 486 (1973), as authority for the statement of the doctrine of last clear chance. Therein this court stated:

"The elements necessary for the application of the doctrine of last clear chance, as stated by the plaintiff are: '(1) that the plaintiff, by his own negligence, has got[ten] himself into a position of danger; (2) as a result thereof,

it is physically impossible for him to escape by the exercise of ordinary care, or he is totally unaware of his danger and for that reason cannot escape; (3) that defendant has actual knowledge that plaintiff is in such situation and knows, or in the exercise of ordinary care, should know, that plaintiff cannot escape from such situation; (4) that defendant has a last clear chance to avoid [the] accident by exercising ordinary care and fails to do so.' This statement of the doctrine is in harmony with recent Idaho cases on the subject." 95 Idaho at 291, 507 P.2d at 488.

In Edwards v. Walker, supra, this court also pointed out that the doctrine of last clear chance is not applicable unless the defendant actually discovered and appreciated the plaintiff's peril in time to avoid the injury.

The trial court was correct in not giving the instruction on "last clear chance" because the facts reveal that respondent had insufficient time within which to act in such a manner as to have prevented the accident. He was travelling at a lawful speed in the outside traffic lane. His observation of the appellant was obscured by a truck which passed him on his left, and only after the truck passed him and continued on was he aware of appellant's position. By then the time remaining to have avoided the accident was so limited that he did not have a "clear chance" to avoid the accident. Respondent immediately applied his brakes, for which he cannot be faulted, as he was facing an emergency situation, and had almost stopped when the girl hit the side of his car.

In Lallatin v. Terry, 81 Idaho 238, 340 P.2d 112 (1959), this court, in considering whether an instruction on last clear chance should have been given, stated

"Juries should not be asked or allowed to speculate upon possibilities of avoiding an injury under the circumstances which would be beyond human experience, and on the side of the miraculous. Courts sometimes overlook the fact that the doctrine not only requires that the chance must be the 'last' chance, but it must also be a 'clear' chance. The instruction had no application to the facts in this case and should not have been given. [Citations omitted]." 81 Idaho at 250, 340 P.2d at 120.

We find no error by the trial court in denying appellant's motion for new trial. Order affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.