825 P.2d 1136

**Lillian MARMON, Plaintiff–Appellant,**

v.

**William MARMON, Defendant–Respondent.**

No. 18462.

Court of Appeals of Idaho.

Feb. 4, 1992.

James W. Atwood of Coeur d'Alene, for plaintiff-appellant.

Child & Fisher of Coeur d'Alene, for defendant-respondent. Heidi L. Fisher argued.

SWANSTROM, Judge.

Lillian Marmon was granted a divorce from William Marmon on grounds of irreconcilable differences. Finding the fault of the parties to be equal, the magistrate awarded Lillian spousal maintenance for four years, which award was reversed by the district court on appeal. Lillian appeals from the district court's order, claiming that the court misconstrued the maintenance statute, I.C. § 32–705, to require a finding of fault and an "innocent spouse"

before an award of spousal maintenance can be made. We disagree and we affirm the district court's order.

In May, 1988, Lillian and William stipulated to having irreconcilable differences and to the entry of a partial summary judgment permitting Lillian to obtain an immediate divorce on those grounds. The judgment preserved the right to trial on all other issues, including alternative grounds for the divorce. The divorce decree was entered. The trial was held nine months later resulting in a final judgment in the divorce action.

At trial, the magistrate concluded that there was insufficient evidence upon which a divorce could be granted to Lillian on any grounds other than irreconcilable differences.[1] The magistrate also found that the parties were equally at fault for the irreconcilable differences existing in their marriage, upon which the decree of divorce was granted. The magistrate then considered the issue of spousal maintenance sought by Lillian under I.C. § 32–705. He reviewed the conduct of the parties established by their testimony. He decided that the parties' conduct, each toward the other, constituted "an offense" within the meaning of § 32–705. Considering the respective "fault" of each party, the magistrate concluded: "the fault of [Lillian] is not greater than, but is equal to the fault of [William]. Therefore, it is not inequitable to award spousal maintenance to [Lillian] if the other factors are present under Idaho Code § 32–705." The magistrate then found that Lillian's circumstances warranted an award of maintenance and, accordingly, ordered William to pay a determined amount each month for a period of forty-six months. William appealed to the dis-

trict court. The district court reversed the magistrate's conclusion with regard to the support order. Lillian has appealed from the district court's decision.

The issue raised in the appeal to the district court, and on further appeal, is whether, upon a finding of equal fault, the trial court is authorized to award spousal maintenance.

■ On appeal from an order of the district court sitting in its appellate capacity, we review the record made before the magistrate independently of the decision of the district court. *Robinson v. Joint School District No. 331*, 105 Idaho 487, 670 P.2d 894 (1983); *Hentges v. Hentges*, 115 Idaho 192, 765 P.2d 1094 (Ct.App.1988). The question of whether the court is empowered to award spousal maintenance, without finding that one spouse was more at fault than the other, involves an interpretation of the applicable statute over which we exercise free review.

The findings made by the magistrate in this case include a description of the conduct of each party which the court construed as an "offense," as the term is used in I.C. § 32–705, which led to the conclusion that the parties were equally "at fault" for the divorce. The minutes of the trial, notably the magistrate's comments on the record, reveal that the magistrate had relied on *Shepard v. Shepard*, 94 Idaho 734, 497 P.2d 321 (1972), as precedent for comparing fault in determining whether the maintenance seeker's fault was so great as to preclude spousal maintenance.[2] However, the statute governing alimony awards when *Shepard* was decided was markedly different from the 1980 revised statute at issue in this case.[3] The analysis

---

1. In her complaint, Lillian had alleged as a basis for the divorce that

    [William] has conducted himself in such a way as would support an award of divorce to [Lillian] on the ground of extreme cruelty and the court should so decree. This conduct has included severe and aggravated physical and mental abuse, as well as adultery.

2. In *Shepard*, the Supreme Court held:

    [A]limony is not awarded to the wife as a matter of right, but only at the discretion of the trial court. Such an award is proper in

such amount as the trial court deems just whenever the husband is not free from fault, and the wife's fault, though possibly sufficient to allow a divorce in favor of the husband, is not so grievous as to mandate a denial of alimony. [Citations omitted.]

94 Idaho at 736–37, 497 P.2d at 323–24.

3. The pre–1980 statute, I.C. § 31–706, read as follows:

    Where a divorce is granted for an offense of the husband, including a divorce granted

derived from *Shepard*, therefore, cannot be applied here.

Idaho Code § 32–705, enacted in 1980, provides in pertinent part:

Where a divorce is granted, for an offense of either spouse, including a divorce granted upon the complaint of the party at fault, the court may grant a maintenance order for the innocent spouse if it finds that the innocent spouse seeking maintenance:

(a) Lacks sufficient property to provide for his or her reasonable needs; and

(b) Is unable to support himself or herself through employment.

"It seems clear that the legislature [in adopting I.C. § 32–705] has eliminated the discretion which trial courts formerly had in passing on alimony requests. Instead, the courts have been furnished with legislative doctrine for guidance in this area. . . ." *Shurtliff v. Shurtliff*, 112 Idaho 1031, 1036, 739 P.2d 330, 335 (1987) (Bistline, J., specially concurring).

█ An award of maintenance, therefore, requires initially a finding by the court that the party being charged with maintenance is at fault and the party seeking maintenance is an innocent spouse, to be followed by consideration of the need of the party seeking maintenance. *See Swope v. Swope*, 112 Idaho 974, 986, 739 P.2d 273, 285 (1987). Moreover, our Supreme Court has held that a requisite finding of fault, as a predicate to an award of maintenance, is not inconsistent with a divorce granted on grounds of irreconcilable differences.[4] *Le Vine v. Spickelmeir*, 109 Idaho 341, 707 P.2d 452 (1985). The Supreme Court thereby authorized separate findings as to the grounds for divorce and as to fault in determining a party's entitlement to spousal maintenance. Nevertheless, the cases interpreting I.C. § 32–705 dealing with spousal maintenance do not resolve the question of the effect of a finding of *equal*

fault in the determination to award maintenance.

Lillian argues that the language of I.C. § 32–705, requiring an *innocent spouse*, should not be taken literally, because, "unless we [are] dealing with Snow White herself, a wife could never hope to gain spousal maintenance regardless of other circumstances." She urges this Court to interpret the statute in a manner that is contrary to established principles of statutory construction.

█ When the meaning of a statute is clear, the statute is to be read literally, neither adding nor taking away anything by judicial construction. *St. Benedict's Hospital v. Twin Falls County*, 107 Idaho 143, 686 P.2d 88 (Ct.App.1984). Ordinary words will be given their ordinary meaning when construing a statute, unless contrary purpose is indicated. *Bunt v. City of Garden City*, 118 Idaho 427, 797 P.2d 135 (1990). When the legislature enacts a statute, it must be assumed that the legislature means what is clearly stated unless the result is palpably absurd. *Sherwood v. Carter*, 119 Idaho 246, 805 P.2d 452 (1991). Accordingly, we cannot ignore the "innocent spouse" language of the statute.

█ The term does not require the fictional character and purity of Snow White. We readily recognize that "innocent spouse" and "at fault" are imprecise relative terms; however, to have any coherent meaning, the two concepts must be weighed against each other and on the same scale. A finding that both spouses are "equally at fault" leaves no room for an "innocent" spouse. For these reasons, we are not inclined to adopt the view that if the parties are equal in fault, then they are also equally innocent, thereby creating the precondition of an "innocent spouse" to support the award of maintenance.

upon the husband's complaint, based upon separation without cohabitation for five years, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the

parties respectively; and the court may, from time to time, modify its orders in these respects.

4. The legislature in 1971 codified irreconcilable differences as grounds for divorce, which statute embodied no fault criterion. I.C. § 32–616.

Lillian's second argument, that the 1990 revision to I.C. § 32–705 explains what the legislature really meant by the earlier (1980) version of the statute, is equally unavailing. Idaho Code § 32–705 was revised in 1990 to remove fault as a requirement for the award of alimony and to denote, as the primary basis for alimony awards, the need of one spouse and the ability of the other spouse to pay. *See* Statement of Purpose, S.B. 1449, Idaho Sess. (1990). However, unless the terms of a statute show a clear legislative intent that it should be applied retroactively, a statute should have a prospective operation only. *Gailey v. Jerome County,* 113 Idaho 430, 745 P.2d 1051 (1987); *Edwards v. Walker,* 95 Idaho 289, 507 P.2d 486 (1973); *Application of Forde L. Johnson Oil Co.,* 84 Idaho 288, 372 P.2d 135 (1962). Clearly, any consideration of the statute as revised subsequent to the time of the parties' divorce, has no place in our analysis.

In conclusion, we are constrained to agree with the district court that a finding of equal fault precludes an award of spousal maintenance to either spouse. We affirm the order of the district court reversing the magistrate's award of spousal maintenance to Lillian.

Costs on appeal to respondent. No attorney fees awarded on appeal.

WALTERS, C.J., concurs.

SILAK, Judge, dissenting.

I respectfully dissent. Because I believe that the magistrate abused his discretion in awarding spousal maintenance without first making the findings required by former § I.C. 32–705, I would remand to the magistrate for additional findings. The inquiry conducted by an appellate court in reviewing the decision of a trial court for an abuse of discretion is three-fold:

(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*Sun Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987). In my view, the magistrate abused his discretion because he did not act consistently with legal standards applicable to the choice of whether or not to award spousal maintenance.

The provisions of former I.C. § 32–705 require that two predicate findings be made before a court may proceed to make the findings as to the appropriateness of maintenance: (1) that the spouse who is ordered to pay maintenance have committed an "offense", and (2) that the spouse seeking the maintenance award be deemed an "innocent" spouse. Although the magistrate recited conduct by the parties which the court construed as an "offense" by both of them, the magistrate did not specifically find that the party seeking maintenance—in this case, the former wife—could be deemed or characterized an innocent spouse. It is appropriate to remand for further consideration by the magistrate as to whether this threshold requirement has been met. For example, in *Le Vine v. Spickelmier,* 109 Idaho 341, 707 P.2d 452 (1985), the magistrate granted each party a divorce on grounds of irreconcilable differences, finding no fault by either party, and awarded spousal maintenance to the wife. On appeal to the district court, the district court ruled that an award of spousal maintenance was improper absent a finding of fault, and remanded to the magistrate for a finding of fault. On remand, despite the earlier, seemingly inconsistent finding of no fault by either husband or wife, the magistrate found that the husband was the chief cause of the differences between the parties, and that he was at fault for the divorce. Similarly, in *Neveau v. Neveau,* 103 Idaho 707, 712, 652 P.2d 655, 660 (Ct. App.1982), a case involving the application of former I.C. § 32–706, this Court remanded to the district court with instructions to remand to the magistrate directing that a finding be made as to whether a husband's

infidelity constituted "fault" justifying an award to the wife under the former maintenance statute.

We must construe the former I.C. § 32–705 in order to ascertain and give effect to the intent of the legislature. In doing so, we not only look to the literal wording of the statute, but also "the context, the object in view, the evils to be remedied, the history of the times and of the legislation upon the same subject, public policy, contemporaneous construction, and the like." *Local 1494, Etc., v. City of Coeur d' Alene*, 99 Idaho 630, 639, 586 P.2d 1346, 1355 (1978) (quoting *Messenger v. Burns*, 86 Idaho 26, 29–30, 382 P.2d 913, 915 (1963)). We must also assume that when the legislature enacted the statute it had full knowledge of the existing judicial decisions and case law of the state, and that it did not intend to overturn established principles of law "unless an intention to do so plainly appears by the express declaration or the language employed admits of no other reasonable construction." *George W. Watkins Family v. Messenger*, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). Thus, the legislature's amendment of a statute's wording is not always construed to mean that the legislature intended to change the meaning of the statute. *Penrod v. Crowley*, 82 Idaho 511, 356 P.2d 73 (1960). Rather, statutes are to be construed in light of the reason for their enactment or amendment, *State v. Hoch*, 102 Idaho 351, 352, 630 P.2d 143, 144 (1981), and the court should avoid a construction that would cause absurd or unduly harsh results. *Gavica v. Hanson*, 101 Idaho 58, 60, 608 P.2d 861, 863 (1980).

In my view, the finding by the magistrate that the two spouses bore equal fault for the *divorce* does not preclude a finding that one or the other spouse may be deemed an "innocent spouse" for purposes of *maintenance* under former I.C. § 32–705. Pursuant to the above rules of construction, the term "innocent" as used by the Legislature when it enacted former section 32–705 in 1980, must be interpreted in light of past statutory and decisional law in existence at that time. The leading case of *Shepard v. Shepard,* cited by the majority opinion, although it interpreted the pre-1980 maintenance statute, I.C. § 32–706, provides guidance as to the conduct requirements of a spouse who is to receive an award of maintenance. Under that former statute, only the wife could receive maintenance. The Supreme Court in *Shepard* stated that maintenance is discretionary, but that such an award is proper only when the husband is not free from fault, and when the wife's fault, although *"possibly sufficient to allow a divorce in favor of the husband, is not so grievous as to mandate a denial of alimony." Shepard,* 94 Idaho at 736–37, 497 P.2d at 323–24 (emphasis added), *citing Good v. Good,* 79 Idaho 119, 311 P.2d 756 (1957). On remand, the magistrate should be guided by the formulation for evaluating the conduct of the spouse seeking alimony set forth in *Shepard,* to determine whether Lillian Marmon, although equally at fault for the divorce, may nevertheless be characterized as the innocent spouse for purposes of eligibility for maintenance, that is, one whose conduct is not so grievous as to mandate, in the sound judgment of the magistrate, a denial of alimony.